**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES NEUMAN, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 07-CV-0362-MJR |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|        **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A. Background**

On March 14, 2007, Neuman filed suit in Illinois state court against the United States, a United States District Judge, the Clerk of the United States District Court for the Central District of Illinois, and a Deputy Clerk of that Court, as well as others. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because several of the defendants were employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

Immediately upon removing the case, the United States filed a motion to dismiss Neuman's claims for damages under Federal Rule of Civil Procedure 12(b)(1) due to this Court's lack of subject matter jurisdiction (Doc. 5). Neuman responded on June 29, 2007 (Doc. 30). The Government did not submit a reply. The Government **does not** request dismissal of the claims for declaratory or injunctive relief at this time. For the reasons stated below, the Court **GRANTS IN**

**PART AND DENIES IN PART** the Government's motion.

## B. Analysis

In its motion, the Government argues that it cannot be sued for damages unless it has waived sovereign immunity. The Supreme Court has explained:

> Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Additionally, "without specific statutory consent, no suit may be brought against the United States." *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). The plaintiff bears the burden of proving that a particular statute waives sovereign immunity. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action."); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981) ("A party who sues the United States has the burden of pointing to a congressional act that gives consent.").

In its motion, the Government points to particular statutes cited by Neuman in his complaint and notes the lack of an explicit waiver of sovereign immunity therein. The Government correctly explains that none of the federal statutes cited by Neuman in his complaint contain an express waiver of sovereign immunity.

In his response, Neuman points generally to the Federal Tort Claims Act, 28 U.S.C. § 2674, as the Government's waiver of sovereign immunity. That statute provides:

> The United States shall be liable, respecting the provisions of this

> title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Neuman has raised twenty-two causes of action in his complaint. While the Tort Claims Act serves as a waiver of sovereign immunity with respect to tortious conduct, only three of Neuman's causes of action — assault, intentional infliction of emotional distress, and intentional infliction of financial loss — clearly allege tortious conduct that might fall under the Act. However, 28 U.S.C. § 2680(h) explicitly provides that the Act does not cover claims arising out of assault. Thus, the United States has not waived sovereign immunity as to the assault claim. Of the three traditional tort claims alleged by Neuman, this Court has subject matter jurisdiction to entertain only the actions for intentional infliction of emotional distress and intentional infliction of financial loss.

As to the other claims, the Seventh Circuit has explained that "[t]he Tort Claims Act waives the federal government's sovereign immunity only insofar as the defendant, were it not the government, would be liable to the plaintiff under the law of the state in which the conduct that is alleged to be tortious occurred." *Matheny v. United States*, 469 F.3d 1093, 1094 (7th Cir. 2006). Therefore, in order for this Court to have subject matter jurisdiction over the damages claims against the Government in this case, Neuman must point to an Illinois statute that would allow him to recover against the United States were it not the Government.

Neuman raises several claims that arise under the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. These include his claims of discrimination in public facilities (Doc. 1, Exh. 1, p. 22), retaliation (Doc. 1, Exh. 1, p. 28), aiding and abetting civil rights violations (Doc. 1, Exh. 1, p. 29), and retaliation against a witness (Doc. 1, Exh. 1, p. 36). Illinois law provides that an aggrieved party may commence a civil action in state court to obtain relief for alleged violations of

the Act. Because Neuman could bring these claims against a non-governmental party under state law, the Court has subject matter jurisdiction over these four claims.

However, the Court does not have subject matter jurisdiction over Neuman's claims for equal rights, obstruction,[1] obstructing justice, redress of grievances, neglect to prevent, and vindication of civil rights, because Neuman has failed to show that the United States has waived sovereign immunity as to these claims. Neuman provides no federal statute through which the government has explicitly waived its immunity. Additionally, Neuman refers to no particular state law that would create a separate claim for which Neuman could recover. The Court is therefore unable to ascertain whether such causes of action could be raised under state law. As the Seventh Circuit has noted, this Court "need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). As to these claims, then, the Court lacks subject matter jurisdiction because Neuman has not carried its burden of showing that the United States has waived its sovereign immunity.

The Court also lacks subject matter jurisdiction over Neuman's claims entitled "Certificate of Service," and "Subpoenas." These claims refer only to actions by defendants in the case that caused a failure to comply with or impeded Neuman's compliance with certain Federal Rules of Civil Procedure in a prior case. These do not constitute causes of action for which independent recovery can be obtained, and even if they did, Neuman has not shown that the United States has waived its sovereign immunity.

Additionally, the Court does not have subject matter jurisdiction over Neuman's claim for discrimination (Doc. 1, Exh. 1, p. 31). The statute cited by Neuman, 740 ILCS 23/5, refers

---

[1] Neuman alleges two counts of obstruction, both appearing at Doc. 1, Exh. 1, p. 38.

to the Illinois Civil Rights Act. That act provides a cause of action against only three potential parties: the State of Illinois, its counties, and its local governments. Thus, Neuman has failed to show that it could raise a claim against the United States under that statute, and as a result, has failed to show that the Government has waived its sovereign immunity.

Finally, Neuman raises a number of claims for which he cites the Illinois Criminal Code. These claims are conspiracy, intimidation, barratry and maintenance, harassment, and account books. Neuman points only to provisions of the criminal code and unspecified civil statutes. These references are insufficient to show that any private right of action exists under Illinois state law for these claims. As a result, the Court does not have subject matter jurisdiction over these claims because Neuman has failed to prove that the United States has waived sovereign immunity.

### C. Conclusion

Accordingly, the Court hereby **GRANTS IN PART AND DENIES IN PART** the United States's motion (Doc. 5) as follows.

The Court **DENIES** the motion to dismiss the following causes of action against the United States: discrimination in public facilities (Doc. 1, Exh. 1, p. 22), retaliation (Doc. 1, Exh. 1, p. 28), aiding and abetting civil rights violations (Doc. 1, Exh. 1, p. 29), retaliation against a witness (Doc. 1, Exh. 1, p. 36), intentional infliction of emotional distress (Doc. 1, Exh. 1, p. 46), and intentional infliction of financial loss (Doc. 1, Exh. 1, p. 47).

As to all other claims for damages against the United States, the Court **GRANTS** the Government's motion, and **DISMISSES** those claims pursuant to Federal Rule of Civil Procedure 12(b)(1), as the Court lacks subject matter jurisdiction because Neuman has failed to prove that the Government has waived sovereign immunity.

Finally, the Court **does not dismiss** any of Neuman's claims for declaratory or injunctive relief against the United States.

**IT IS SO ORDERED.**

**DATED this 15th day of November 2007.**

<u>s/ Michael J. Reagan</u>  
**MICHAEL J. REAGAN**  
**United States District Judge**