# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0362-MJR |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants, including several federal employees. The federal defendants include United States District Judge Joe B. McDade, United States District Court Clerk John M. Waters, and United States District Court Deputy Clerk Holly Kallister. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because each of the federal defendants is employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

On July 6, 2007, the federal defendants — Judge McDade, Clerk Waters, and Clerk Kallister — moved to dismiss Neuman's claims for damages (Doc. 35) pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. In its motion, the Government did not request dismissal of the claims for declaratory or injunctive relief. On July 23, 2007, Neuman moved for an extension of

time to file his response (Doc. 48). The Court ultimately granted an extension, giving Neuman until October 19, 2007 to file a response (Doc. 88). On October 17, 2007, the Court granted Neuman another extension, giving him until November 2, 2007 to respond (Doc. 96). To date, Neuman has not filed a response to the motion to dismiss.

For the reasons stated below, the Court **GRANTS** the federal defendants' motion.

## B. Analysis

The federal defendants move this Court to dismiss Neuman's damages claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of their motion, the federal defendants argue that they have either absolute or qualified immunity.

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).** In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

A. Absolute Immunity

At least since 1872, the Supreme Court has recognized the common law principle that judges are entitled to absolute immunity from liability for damages when their actions are taken in the exercise of their judicial capacity. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872). The Supreme Court has held that a judge's act is judicial in nature if "it is a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Additionally, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in

excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" ***Id.* at 356-57.** Absolute immunity shields a judge from liability "even if his exercise of authority is flawed by the commission of grave procedural errors." ***Id.* at 359.**

Here, Neuman alleges that Judge McDade changed the date on a District Court Order from April 8, 2005 to April 7, 2005 in Case No. 05-1002 in the Central District of Illinois. Additionally, Neuman alleges that Judge McDade improperly denied subpoenas in his federal cases. Though the Court takes these allegations as true, absolute immunity shields Judge McDade from liability. The dating of Court Orders and the granting or denying of subpoena requests are judicial functions protected by absolute immunity. These actions are performed daily by federal judges as part of the Court's business. Under the standard in *Stump*, Judges are protected from liability, even if "grave procedural errors" are made. ***Stump*, 435 U.S. at 359.** Judge McDade was acting in his judicial capacity, and even if his decisions were incorrect — a matter that this Court need not and shall not determine — there is no evidence that his actions were made in the clear absence of all jurisdiction. Accordingly, Judge McDade is absolutely immune from liability for damages.

As for Clerk Waters and Clerk Kallister, Neuman alleges that Kallister followed Judge McDade's order to change the date on an Order from April 8 to April 7, and that the clerks improperly refused to issue subpoenas at his request. Clerk Waters and Clerk Kallister argue that they are also absolutely immune from liability.

The Seventh Circuit has noted the importance of absolute immunity in protecting "the judicial process from the harassment and intimidation associated with litigation." ***Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (citing *Burns v. Reed*, 500 U.S. 478, 494 (1991)).**

> When, as here, we are dealing with the application of the doctrine [of absolute immunity] to auxiliary judicial personnel, we must remember the "danger that disappointed litigants, blocked by the

> doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . warrants this extension of the doctrine."

*Id.* **(citing** *Scruggs v. Moellering***, 870 F.2d 376, 377 (7th Cir. 1989)).** In *Kincaid*, clerks improperly returned plaintiffs' complaint and filing fee and directed plaintiffs to re-file in another court. *Id.* **at 595-96.** The Court held that the clerks' actions "were done at judicial direction and therefore are nonmechanical functions integral to the judicial process that are entitled to absolute immunity." *Id.* **at 601.** In other words, where a clerk's actions are taken pursuant to a Judge's instructions, the clerk is protected from liability under the doctrine of absolute quasi-judicial immunity.

That Clerk Waters and Clerk Kallister were acting under the direction of either Judge McDade or Magistrate Judge John A. Gorman is clear from the complaint in this case and Orders entered in Neuman's prior cases in the Central District of Illinois.[1] First, Neuman specifically alleges in his complaint that Clerk Kallister changed the date on the Order in accordance with Judge McDade's explicit instructions. Doc. 2, Exh. A, pp. 15-17. Thus, there is no dispute that Kallister was acting under Judge McDade's explicit instructions. Consequently, Clerk Kallister is entitled to absolute quasi-judicial immunity as to the allegation that she changed the date on a Court Order.

Additionally, in Neuman's prior cases, Case Nos. 04-1021 and 05-1002, Magistrate Judge Gorman entered a number of Orders stating that Neuman's subpoenas would not be issued prior to a Rule 26(f) planning meeting conference or a scheduling conference setting discovery deadlines. *See* **Doc. 36, Exh. A. (containing a May 25, 2004 Order in Case No. 04-1021 denying the motion to issue subpoenas); Doc. 36, Exh. B (containing similar Orders in Case No. 05-1002**

---

[1] This Court may take judicial notice of pleadings in prior litigation in ruling on a motion under Rule 12(b)(6) without converting it to a motion for summary judgment. *Henson v. CSC Credit Services*, **29 F.3d 280, 284 (7th Cir. 1994).**

**on January 6, 2005 and at Docs. 29, 60, & 75).** In doing so, Magistrate Judge Gorman noted that under Rule 26(d), discovery is not permitted prior to the Rule 26(f) planning meeting. **Doc. 36, Exh. B (stated in the Court's January 6, 2005 Order).** After repeated motions for the issuance of subpoenas, Magistrate Judge Gorman "ordered that the Clerk is not to issue any subpoenas to Plaintiff until further order of the Court." **Doc. 36, Exh. B (stated at Doc. 29).** It is clear from the case history that the clerks' refusal to issue subpoena's at Neuman's request was done at the direction of Judge McDade and/or Magistrate Judge Gorman in compliance with the requirements of the Federal Rules of Civil Procedure. Therefore, Clerk Waters and Clerk Kallister are entitled to absolute quasi-judicial immunity.

B. Qualified Immunity

Though the Court need not reach the question of whether qualified immunity protects Clerk Waters and Clerk Kallister, the Court notes that were these defendants not absolutely immune from liability, they would have qualified immunity. As the United States Court of Appeals for the Seventh Circuit has noted, qualified immunity is not simply a defense to liability, it provides immunity from suit. ***Tun v. Whitticker,* 398 F.3d 899, 901 (7th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).** Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982);** *see Snyder v. Nolen*, 380 F.3d 279, 289 (7th Cir. 2004).*

In determining whether qualified immunity applies, the Court engages in a two-step inquiry. First, viewing the facts in the light most favorable to the plaintiff, the Court determines whether the official violated a constitutional or statutory right. ***Snyder*, 380 F.3d at 290.** If the answer is yes, the Court then asks whether that right was clearly established at the time of the

violation. *Id.* The burden is on the plaintiff to establish that the right allegedly violated is clearly established. *Id.*

Neuman has not met this burden because a plaintiff does not have a constitutional or statutory right to have subpoenas issued before he is allowed to seek discovery. Neuman argues that Federal Rule of Civil Procedure 45(a)(3) requires the clerk to issue a subpoena upon a party's request, but he ignores the requirement of Rule 26(d) which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." In short, it is clear that there is no statutory right to have a subpoena issued prior to a Rule 26(f) planning meeting. As a result, Clerk Waters and Clerk Kallister would be shielded by qualified immunity if they were not absolutely immune from civil liability.

### C. Conclusion

Accordingly, the Court hereby **GRANTS** the federal defendants' motion (Doc. 35) and **DISMISSES** all **claims for damages** against United States District Judge Joe B. McDade, United States District Court Clerk John M. Waters, and United States District Court Deputy Clerk Holly Kallister pursuant to Federal Rule of Civil Procedure 12(b)(6).

Finally, the Court **does not dismiss** any of Neuman's claims for declaratory or injunctive relief against Judge McDade, District Court Clerk Waters, or Deputy Clerk Kallister .

**IT IS SO ORDERED.**

**DATED this 15th day of November 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**