## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CV-0362-MJR |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants, including several federal employees. The federal defendants include United States District Judge Joe B. McDade, United States District Court Clerk John M. Waters, and United States District Court Deputy Clerk Holly Kallister. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because each of the federal defendants is employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

On July 6, 2007, the federal defendants — Judge McDade, Clerk Waters, and Clerk Kallister — moved to dismiss Neuman's claims for damages (Doc. 35) pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. On July 23, 2007, Neuman moved for an extension of time to file his response (Doc. 48). The Court ultimately granted an extension, giving Neuman until October

19, 2007 to file a response (Doc. 88).  On October 17, 2007, the Court granted Neuman another extension, giving him until November 2, 2007 to respond (Doc. 96).

On October 30, Neuman requested an extension of time to respond to other motions to dismiss at Docs. 70 and 76 (Doc. 107).  The Court denied this request, because Neuman was mistaken about the due dates for his responses and still had ample time to file.  At no time did Neuman request additional time to respond to the motion to dismiss at Doc. 35.

As Neuman did not respond by the deadline, the federal defendants filed a memorandum in support of the motion to dismiss on November 8, 2007 (Doc. 110).  Therein, the federal defendants argued that the motion should be granted because Neuman had not opposed the motion to dismiss.  Preferring to examine the motion on its merits, the Court entered its Order granting the motion to dismiss on November 15, 2007 (Doc. 115) on the grounds that the federal defendants are entitled to absolute or qualified immunity.

Finally, on November 26, 2007, after the Court had entered its Order, the Court received a late response from Neuman (Doc. 122).  Therein, Neuman stated that he did not receive the Court's denial of his motion for an extension of time (Doc. 107) until November 13, 2007. However, this fact is irrelevant, because that motion did not request an extension of time to file a response to the federal defendants' motion to dismiss (Doc. 35).

Now, Neuman moves this Court to reconsider its Order granting the motion to dismiss.  The Government has filed its response, and the Court now **DENIES** Neuman's motion (Doc. 140).

## B. Analysis

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider.  Such motions are filed routinely, however, and they are construed either as

Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was served within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was served more than ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).** This Court follows Federal Rule of Civil Procedure 6(a) in calculating the ten-day period ( i.e., counting the ten days to exclude weekends and holidays).

Here, Neuman's motion seeking reconsideration was served more than ten days after the Court's November 15, 2007 Order dismissing the claims for damages against the federal defendants. Therefore, Rule 60(b) governs.

Rule 60(b) permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order. A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. **See *Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Neuman has failed to demonstrate exceptional circumstances that would provide the Court with justification to revisit its November 15, 2007 Order (Doc. 115). In his motion, Neuman

simply explains his dissatisfaction with the Court's Order and its consequences. This is an insufficient basis for the relief Neuman requests. No exceptional circumstances exist by which Neuman can sustain his burden under any of the grounds listed in Rule 60(b).

### C. Conclusion

Accordingly, the Court hereby **DENIES** Neuman's motion to reconsider (Doc. 140).

**IT IS SO ORDERED.**

**DATED this 17th day of December 2007.**

                                           **s/ Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**