# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CV-0362-MJR ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background

On March 14, 2007, Neuman filed suit in Illinois state court alleging violations of his civil rights by a variety of federal and state Defendants, including Karen McNaught, an Assistant Attorney General. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The federal Defendants removed the case to federal court in the Central District of Illinois on May 1, 2007. Because several Defendants were employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

On June 8, 2007, Karen McNaught filed a motion to dismiss all claims against her under Federal Rule of Civil Procedure 12(b)(6) (Doc. 28). After the Court granted leave to do so, Neuman responded on November 28, 2007 (Doc. 127). At a hearing on January 3, 2008, the Court heard argument on the motion. At that time, the motion was taken under advisement, because the Court was unaware that Neuman had submitted a response, and the Court needed more time to

review the parties' arguments. Having now fully considered these documents, the Court **GRANTS** McNaught's motion to dismiss (Doc. 28).

## B. Analysis

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).** In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in Plaintiff's favor. ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).**

McNaught argues that Neuman's complaint contains only conclusory allegations that she conspired with others to violate his civil rights. Citing ***Bell Atlantic***, McNaught argues that Rule 8 requires a plaintiff's complaint to include "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," and that failure to do so may result in dismissal. **127 S.Ct. at 1969.**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This is a lenient pleading standard requiring only that plaintiffs provide defendants with fair notice of their claim and the grounds upon which it rests. *See **Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).** In *Bell Atlantic*, the Supreme Court addressed the requirements of Rule 8. Though that case dealt with a claim brought under the Sherman Act, the Court's explanation of the level of specificity required by Rule 8 is instructive in all civil actions. The Court explained:

> a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to

> provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

***Bell Atlantic*, 127 S.Ct. at 1964 -65 (internal citations omitted).** As such, the Court upheld the dismissal of the complaint because a showing of parallel conduct among telecommunications providers, without any other facts suggesting the existence of an illegal agreement, did not fulfill the requirements of Rule 8. ***Id.* at 1974 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").**

Here, Neuman's complaint stems from allegations that he was denied entrance into the Peoria County Courthouse and allegations of wrongdoing by federal judicial employees. However, the complaint fails to allege any facts specific to McNaught, other than that she is and was an Assistant Attorney General. Neuman sets forth no fact that would permit this Court to infer that there is a plausible claim for relief against McNaught. She is not said to have been involved in any of the incidents discussed in Neuman's complaint. Neuman merely speculates that McNaught was involved in a conspiracy with other government officials to violate his civil rights.

In his response to this motion to dismiss, Neuman repeatedly states that he "truly believes" that McNaught "may have known" about the alleged conspiracy. Doc. 127, p. 1, 3. He further states, "I don't know but Karen McNaught may have been a moving force behind the deprivation of my Civil Rights . . . ." Doc. 127, p. 3. Other formulations of these allegations include: "I truly believe that Karen McNaught knew the plaintiff's picture was being circulated by the defendants to identify him immediately so he could be retaliated against," "I believe that it is possible that she know (sic) about the plaintiff's picture being circulated at the Peoria County Courthouse," and "I believe she may know about everything that was happening withing the Illinois

states attorneys' office and the Sheriffs department within the courthouse at the time of the incident." Doc. 127, p. 3.

The only factual information that Neuman provides is that McNaught was the attorney representing the Defendants at the time of the incident. As such, the allegations against McNaught are entirely speculative, conclusory, and without support. Such broad assertions are not sufficient under Rule 8. Because the complaint fails to set forth enough facts to state a claim to relief that is plausible on its face, all claims against McNaught must be dismissed.

### C. Conclusion

Accordingly, the Court **GRANTS** McNaught's motion (Doc. 28) and **DISMISSES** all claims against her **without prejudice**.

**IT IS SO ORDERED.**

**DATED this 7th day of January 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**