IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES NEUMAN, )
 )
         Plaintiff, )
 )
v. ) Case No. 07-CV-0362-MJR
 )
UNITED STATES OF AMERICA, et al., )
 )
         Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants, including the United States of America. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because each of the federal defendants is employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

Immediately upon removing the case, the United States filed a motion to dismiss Neuman's claims for damages under Federal Rule of Civil Procedure 12(b)(1) due to this Court's lack of subject matter jurisdiction (Doc. 5). On November 15, 2007, the Court granted in part and denied in part the Government's motion to dismiss (Doc. 114). Therein, the Court dismissed all but six of Neuman's claims for damages against the United States on the grounds that the Government had waived its sovereign immunity to some, but not all, of the claims.

Now, Neuman moves this Court to reconsider its Order granting the motion to dismiss. The Government has filed its response, and the Court now **DENIES** Neuman's motion (Doc. 139).

### B. Analysis

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was served within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was served more than ten days after entry of the challenged judgment or order, Rule 60(b) applies. *See Britton v. Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997)**; *Russell v. Delco Remy Division of General Motors Corp.*, **51 F.3d 746, 750 (7th Cir. 1995)**; *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992).** This Court follows Federal Rule of Civil Procedure 6(a) in calculating the ten-day period ( i.e., counting the ten days to exclude weekends and holidays).

Here, Neuman's motion seeking reconsideration was served more than ten days after the Court's November 15, 2007 Order dismissing the claims for damages against the United States. Therefore, Rule 60(b) governs.

Rule 60(b) permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order. A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions

where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. ***See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Neuman has failed to demonstrate exceptional circumstances that would provide the Court with justification to revisit its November 15, 2007 Order (Doc. 114). Though he failed to do so in his complaint, Neuman now attempts to provide the Court with the statutory basis of his claims against the United States in his motion. However, he states no special circumstances which would permit this Court to find that relief may be granted under Rule 60(b). Neuman simply reiterates that he is a pro se attorney who has difficulty properly citing and quoting legal rules and statutes.

The mere fact that Neuman is a pro se attorney is not a "special circumstance" that would allow relief under Rule 60(b). ***See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699-700 (7th Cir. 1995);** *Williams v. Brann*, **2006 WL 2401112, \*2 (E.D. Wis. Aug. 18, 2006) (slip copy) ("It would be inequitable to allow a plaintiff to use one's pro se status, without more, to constitute exceptional circumstances under Rule 60(b)(6) when the controlling case law does not allow a plaintiff who is represented by counsel to invoke Rule 60(b)(6) in situations where his attorney provides inadequate or negligent legal assistance.").** Though "pro se plaintiffs are entitled to have their pleadings liberally construed," all litigants must satisfy the minimum pleading requirements necessary to show that any of the grounds listed in Rule 60(b) applies. ***Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).** Neuman has failed to sustain this burden.

### C. Conclusion

Accordingly, the Court hereby **DENIES** Neuman's motion to reconsider (Doc. 139).

**IT IS SO ORDERED.**

**DATED this 10th day of January 2008.**

                                       **s/ Michael J. Reagan**
                                       **MICHAEL J. REAGAN**
                                       **United States District Judge**