# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES NEUMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-CV-0362-MJR |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants, including Judge Brian Nemenoff. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because each of the federal defendants is employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

On September 14, 2007, Nemenoff moved to dismiss Neuman's claims against him (Doc. 70) pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. After being given multiple extensions, Neuman filed his response on November 28, 2007 (Doc. 125). On January 3, 2008, the Court held a hearing on all pending motions and granted Judge Nemenoff's motion to dismiss (See Doc. 148).

Now, Neuman moves this Court to reconsider its Order granting the motion to

dismiss. The Court **DENIES** Neuman's motion (Doc. 159).

## B. Legal Standards

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was served within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was served more than ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).** This Court follows Federal Rule of Civil Procedure 6(a) in calculating the ten-day period ( i.e., counting the ten days to exclude weekends and holidays).

Here, Neuman's motion seeking reconsideration was served within ten days of the Court's January 3, 2008 Order dismissing the claims against Judge Brian Nemenoff. Therefore, Rule 59(e) governs. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) the prevention of manifest injustice. **See Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 1006 (2007);** *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. **Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); Bally Export Corp. v. Balicar Ltd., 804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to reconsider is not an appropriate vehicle to introduce new legal theories); Publishers Resource v. Walker-Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985) (stating that a motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

### C. Analysis

In his motion to reconsider, Neuman directly asks the Court to consider arguments that he failed to raise while the motion to dismiss was pending. Neuman states: "I was thinking about it after the court hearing and I believe that I have several good reasons why Brian Nemenoff should not be dismissed from this complaint." As explained above, this is an insufficient basis to justify granting a Rule 59(e) motion. Neuman had ample time to prepare his response, which was submitted on November 28, 2007 (Doc. 125). Also, the Court heard argument on the motion during the January 3, 2008 hearing. The instant motion to reconsider does not allege a manifest error of law, nor does it present any newly discovered evidence. As a Rule 59(e) motion is not a forum to relitigate issues in this manner, Neuman's motion must be denied.

Additionally, even had Neuman raised these points in response to the motion to dismiss, the outcome would have been the same. Neuman's motion to reconsider adds nothing that would justify amending the Court's Order dismissing the claims against Judge Nemenoff. Neuman

again makes speculative and conclusory allegations that Judge Nemenoff was somehow involved in a conspiracy to deny him access to the Peoria County Courthouse. The only fact that Neuman states in support of this belief is that Judge Nemenoff was a defendant in one of Neuman's prior suits. Aside from this, Neuman states: "I also believe that Judge Nemenoff knew that the Peoria Sheriffs Department was showing the plaintiffs picture to the employees at the Peoria courthouse and did nothing to stop it." **Doc. 159, p. 2.** Additionally, he states: "I truly believe that Brian Nemenoff knew about the conspiracy against the plaintiff." *Id.* **at p. 3.** Finally, Neuman claims that the conspiracy against him was intended to aid the Sheriff's Department and Judge Nemenoff in a prior suit. *Id.*

These allegations convey nothing other than Neuman's own speculation that Judge Nemenoff was involved in the alleged conspiracy. Neuman has not set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1965 (2007);** *EEOC v. Concentra Health Services, Inc.*, **496 F.3d 773, 776 (7th Cir. 2007).** In *Bell Atlantic*, the Supreme Court explained:

> a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .

***Bell Atlantic*, 127 S.Ct. at 1964 -65 (internal citations omitted).**

In dismissing Judge Nemenoff, the Court explained that Neuman failed to allege any fact that would permit an inference that there is a plausible claim for relief against Judge Nemenoff. The same is true here, where Neuman again speculates and concludes that Judge Nemenoff was somehow involved in a conspiracy against him. Such broad assertions are insufficient to survive a Rule 12(b)(6) motion, and their presence in a motion to reconsider does not justify relief under

-4-

Rule 59(e).

### D.  Conclusion

Accordingly, the Court hereby **DENIES** Neuman's motion to reconsider (Doc. 159).

**IT IS SO ORDERED.**

**DATED this 18th day of January 2008.**

                **s/ Michael J. Reagan**
                **MICHAEL J. REAGAN**
                **United States District Judge**