**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES NEUMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 07-CV-0362-MJR** |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, District Judge:**

On March 14, 2007, Neuman filed suit in Illinois state court alleging violations of his civil rights by a variety of federal and state defendants. Having been granted leave by the Court to do so, Neuman filed an amended complaint on March 2, 2008 (Doc. 214). In general, Neuman alleges that defendants violated his rights by denying him access to the Peoria County Courthouse and improperly altering a date on a court Order in the District Court for the Central District of Illinois.

Neuman now moves for a change of venue (Doc. 283). **28 U.S.C. § 1404(a)** provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To prevail on a motion for transfer pursuant to § 1404(a), the party seeking transfer must establish that the transferee forum is clearly more convenient. *See Wild v. Subscription Plus, Inc.,* **292 F.3d 526, 530 (7th Cir. 2002)**. When evaluating the convenience of the parties and witnesses, the Court considers the following factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *First Nat'l Bank v. El Camino Resources, Ltd.,* **447 F.Supp.2d 902,**

**911-12 (N.D.Ill. 2006) (citing** *Federated Dep't Stores, Inc. v. U.S. Bank Nat'l Ass'n,* **2001 WL 503039, at \*1 (N.D.Ill. 2001)).** The Court also considers factors related to the interests of justice, including "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Id.* "The party seeking to transfer venue also 'has the burden of establishing, by reference to particular circumstances, that the [proposed] transfer forum is clearly more convenient' than the transferring court." *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.,* **2007 WL 3120011, \*2 (N.D.Ill. 2007) (quoting** *Coffey v. Van Dorn Iron Works,* **796 F.2d 217, 220 (7th Cir. 1986)).**

Neuman seeks to transfer this case to the District Court for the District of Columbia, where he has filed another lawsuit against the United States of America (Case No. 08-CV-1068). That case appears to involve an allegation that the Department of Justice (DOJ) has misled the public by posting a fake address for submitting civil rights complaints.

Neuman provides no convincing reason why the District of Columbia would be more convenient than this district court, and the Court cannot ascertain any basis for which a change of venue would be justified under § 1404. While Neuman has stated that he learned of the alleged violation while attempting to contact the DOJ about the underlying events in the instant action, the two cases appear only tangentially related. All of the events at issue in this case occurred in the state of Illinois. Furthermore, transferring this case will only prolong the litigation. To do so at this juncture would be unnecessary and inefficient. Additionally, none of the facts involved with the current case will have to be considered or litigated in that case or vice versa, and so litigating both cases before the same district judge will not permit a speedier resolution of either matter. As such, Neuman's motion for a change of venue must be **DENIED**.

Neuman also relays in his motion various complaints he has with respect to how this litigation has been handled. He complains about conflicts he has had with Terence Corrigan, one of the attorneys representing defendants. He also complains about recent events that occurred while trying to obtain a summons in the Central District of Illinois, which have nothing to do with this case. Neuman then informs the Court of another action he filed in the Southern District of Illinois (Case No. 08-CV-0514-GPM). None of this information has any relevance whatsoever to the venue of the instant action. And filings that have nothing to do with the matter at hand make it difficult for the Court to efficiently resolve the matters before it.

Neuman also explains his suspicions that the Court has delayed making determinations on various motions so as to prejudice him and suggests that the Court has encouraged the defendants to file motions for sanctions against him. As a result, he states that he now seeks to proceed before Magistrate Judge Wilkerson rather than the undersigned District Judge.

The Court notes that Neuman's allegations have no merit whatsoever. Any delay in Neuman's case is merely the result of the large number of cases and motions that this Court must attend to. As such, litigants must wait patiently as the Court works to expeditiously move cases to trial and resolve pending motions. At any rate, **28 U.S.C. § 455** indicates that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . ." Additionally, "Factual averments of bias or prejudice must be more than the movant's mere conclusions, opinions, or rumors." ***Dyson v. Sposeep*, 637 F. Supp. 616, 619 (N.D. Ind. 1986).** Here, Neuman only offers his own unfounded suspicions. While the parties are always permitted to collectively consent to proceeding before a Magistrate Judge pursuant to **28 U.S.C. § 636(b)** and **Local Rule 72.2**, no such consent has been executed in this case.

Accordingly, for the reasons explained above, the Court hereby **DENIES** Neuman's motion to change venue (Doc. 283).

**IT IS SO ORDERED.**

**DATED this 31st day of July 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**