# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 07-CV-0362-MJR<br>) |
| UNITED STATES OF AMERICA, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On March 14, 2007, Neuman filed suit in Illinois state court alleging violations of his civil rights by a variety of federal and state defendants, including the Office of the Attorney General of the State of Illinois, and Karen McNaught, an Assistant Attorney General. In his complaint, Neuman requests declaratory relief, injunctive relief, and monetary damages. The federal defendants removed the case to federal court in the Central District of Illinois on May 1, 2007. Because several defendants were employed in the Central District of Illinois, including a district judge, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned District Judge was then randomly assigned to the case.

On January 7, 2008, the Court dismissed all claims against McNaught without prejudice (Doc. 151). Having been given leave of the Court to do so, Neuman has filed an amended complaint wherein he attempts to cure some of the defects that existed in his original complaint, again naming McNaught as a defendant (Doc. 214). This most recent amended complaint was filed on March 2, 2008.

Prior to filing his amended complaint, Neuman moved for default judgment against both McNaught and the Office of the Attorney General (Doc. 202).

**FEDERAL RULE OF CIVIL PROCEDURE 55** provides the proper procedure for obtaining a default judgment. **Rule 55(a)** requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once default is entered, a party may seek default judgment under **Rule 55(b)**.

Neuman has not moved for entry of default at this juncture, but rather attempts to proceed straight to the default judgment phase. Procedurally, this is improper. Only after default is entered under **Rule 55(a)** may a party move for default judgment under **Rule 55(b)**. Accordingly, Neuman's motion for default judgment must be **DENIED**.

However, even if the Court construed Neuman's motion as one for entry of default, it would be futile. The Court may set aside default for good cause under **Rule 55(c)**. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385–86 (7th Cir. 2008) **(stating that for good cause shown, a district court may set aside an entry of default *sua sponte*).** Under the circumstances of the case and the Office of the Attorney General's submissions, good cause exists to set aside any such entry of default, and default judgment would be denied.

The relevant facts related to Neuman's motion are as follows. Neuman sent both defendants a waiver of service on April 9, 2007 (Doc. 166-2). Despite having filed his complaint in Illinois state court, Neuman sent a waiver to each defendant modeled on **FEDERAL RULE OF CIVIL PROCEDURE 4**, relating the relevant deadlines and potential consequences under the

**FEDERAL RULES**.[1]  On May 1, 2007, just prior to the execution of defendants' waivers, the United States removed the litigation to federal court (See Doc. 2). McNaught and the Office of the Attorney General signed and returned their waivers on May 4, 2007 (Doc. 166-2).

Because the case was pending in Illinois state court and was removed before McNaught or the Office of the Attorney General had answered, however, the relevant time period for answering is not provided by either **Rule 4** or **735 ILCS 5/2-213**. Rather, **Rule 81(c)** governs this issue, and provides as follows:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 20 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief.
> (B) 20 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 5 days after the notice of removal is filed.

Thus, under the longest of the applicable period, defendants had twenty days from receiving a copy of the complaint in which to file an answer. The Court is uncertain as to when defendants received the complaint, but it is clear that it was no later than May 4, 2007. Counting from that date, it appears that defendants had until May 21, 2007 by which to answer.

McNaught's first filing in the federal case was on May 17, 2008 when she moved for

---

[1] Though the parties have not raised this issue, the Court notes that the form of the waiver was improper. As the action was pending in Illinois state court, the waiver of service issue was governed by **735 ILCS 5/2-213(a)**. Under that section, a notice and request for waiver "shall be in writing in a form prescribed by Supreme Court rule." The proper form for a waiver in Illinois is provided in **Illinois Supreme Court Rule 101(f)**. By sending a waiver form modeled after **Rule 4**, Neuman incorrectly indicated to defendants that the deadlines under the FEDERAL RULES OF CIVIL PROCEDURE would govern when in fact they did not. Additionally, the form of the waiver may have misled the defendants into believing they were, at the time, being sued in a federal district court.

an extension of time to answer (Doc. 14).  When no ruling had been made on her motion, she filed an answer on May 21, 2007 (Doc. 16).  The Court later granted her motion for an extension of time and deemed the answer to have been timely filed (Doc. 17).  In any case, it is abundantly clear that McNaught's answer was timely filed, either by her own timely submission (Doc. 16) or the Court's grant of an extension (Doc. 17).  Thus, Neuman's motion for default judgment with respect to McNaught is without merit and must be **DENIED**.

On the other hand, it is abundantly clear that the Office of the Attorney General failed to timely file an answer.  The Attorney General's Office did not appear or file anything in this case until its January 30, 2008 motion to dismiss (Doc. 178).  Thus, entry of default as to the Attorney General's Office could be entered upon proof of its waiver of service.

However, entry of default would be futile at this point.  **Rule 55(c)** provides that "[t]he court may set aside an entry of default for good cause."  The Seventh Circuit has explained:

> Defaults may be set aside for "good cause."  [For instance,] [d]amages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." (Another way to see this is that Rule 55(c) uses the "good cause" standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the "good cause" standard in Rule 55(c) must be easier to satisfy.)

*Sims v. EGA Products, Inc.*, **475 F.3d 865, 868 (7th Cir. 2007) (emphasis in original; citations omitted).**

Good cause clearly exists here.  First, the stage of the case remains pre-discovery at this time and trial is not imminent.  Additionally, even prior to Neuman's most recent amended

complaint, the Office of the Attorney General has appeared in the case and has been actively involved in the litigation. In doing so, the Office of the Attorney General has satisfied its responsive pleading requirement with respect to Neuman's second amended complaint by filing a motion to dismiss under Rule 12 (See Doc. 232).

Also, even had the Attorney General's Office appeared earlier, the Court notes that Neuman's suit against Karen McNaught, an employee of the Attorney General's Office, in her official capacity is essentially a suit against the Attorney General's Office. ***See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather against the official's office").** Thus, the absence of the Attorney General's Office earlier in this case did not prejudice Neuman, as McNaught's filings and pleadings represent the same or similar responses and defenses.

Finally, the Court is convinced that any failure by attorney Terence Corrigan to officially appear on behalf of the Office of the Attorney General was an innocent mistake. During the January 3, 2008 hearing, Corrigan stated that he honestly did not recall receiving or signing a waiver of service on behalf of the Attorney General's Office. Having now determined that he did in fact sign the waiver on behalf of the Attorney General's Office, Corrigan has submitted an affidavit indicating that an inter-office failure to properly docket the relevant deadline was the cause of defendant's failure to timely file a responsive pleading (Doc. 202-2). The Court accepts Corrigan's current contention that the Attorney General's Office's failure to answer was an innocent oversight. Neuman echoes the Court's view of the circumstances in his own motion, stating "I don't believe that Terence Corrigan purposely [misled] the court. . . . I believe that he just forgot that he signed and sent the waiver" (Doc. 166, pp. 2-3).

Thus, it is clear that even if the Court were to now enter default against the Office of the Attorney General, good cause clearly exists for immediately vacating that entry of default. Consequently, Neuman's motion with respect to the Office of the Attorney General must be **DENIED**.

In summary, Neuman's motion for default judgment must be denied because it is procedurally improper. Additionally, even if the Court were to construe the instant motion as one for entry of default rather than for default judgment, McNaught timely filed a responsive pleading. Finally, with respect to the Office of the Attorney General, default would be futile, because good cause exists for setting aside any such entry of default.

Accordingly, the Court **DENIES** Neuman's motion for default judgment (Doc. 166).

**IT IS SO ORDERED.**

**DATED this 31st day of July 2008.**

                                                    **s/ Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**