IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0362-MJR |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants, including the United States of America and several federal employees. Neuman claimed that the federal defendants violated his rights by altering the date on a court order. This Court dismissed all but six of Neuman's original claims for damages against the United States, because Neuman failed to show that the federal government had waived sovereign immunity under the Federal Tort Claims Act and because no independent right of recovery existed under various statutes Neuman relied upon (Doc. 114). The Court also dismissed all claims for damages against Judge McDade, Clerk John Waters, and Clerk Holly Kallister, as they are immune from suit under the circumstances (Doc. 115). Neuman's claims for equitable relief remained pending, as the Government had not moved for dismissal of those claims.

Having received permission from the Court, Neuman filed an amended complaint in the above-captioned action on March 2, 2008 (Doc. 214). Therein, Neuman raises forty claims against approximately thirty defendants employed by the federal government and state of Illinois

(Doc. 214). However, the only counts that allege wrongdoing by the United States, the Central District of Illinois, or individuals employed by the Central District of Illinois are Counts 30 through 38.

The federal defendants now move this Court to dismiss these claims (Docs. 215 & 216). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss Neuman's claims for equitable relief (Doc. 216), **CONSTRUES** the motion for summary judgment for failure to exhaust administrative remedies as a motion to dismiss (Doc. 215), and **GRANTS** that motion to dismiss (Doc. 215).

### B. Analysis

### 1. Pleading Requirements Under Federal Rule of Civil Procedure 8

The United States first asks this Court to dismiss the claims against the federal defendants under **FEDERAL RULE OF CIVIL PROCEDURE 8(a)**. Rule 8(a)(2) provides that a pleading stating a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, under the lenient notice pleading standard provided in the FEDERAL RULES OF CIVIL PROCEDURE, a pleading need only provide fair notice of the claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 512 (2002).**

While the Court agrees that Neuman's complaint is long, verbose, and unnecessarily repetitive, the complaint does succeed in putting the defendants on notice of the claims raised. The Court is also cognizant that Neuman is proceeding pro se, and while this does not excuse him from compliance with the FEDERAL RULES OF CIVIL PROCEDURE, the Seventh Circuit has repeatedly noted that "pro se pleadings are to be construed liberally, applying substantially less stringent standards than those applied to pleadings drafted by professional counsel." ***Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992) (citing *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986));** *see also Estelle v.*

***Gamble***, 429 U.S. 91, 106 (1976); ***Anderson v. Hardman***, 241 F.3d 544, 545 (7th Cir. 2001).

Under the circumstances, the Court declines to dismiss Neuman's complaint on these grounds. Such a dismissal would only result in starting the case anew. The Court sees no point in further protracting the length of this litigation and delaying resolution of Neuman's claims.

Accordingly, the Court **DENIES** the Government's motion to dismiss under Rule 8(a) (Doc. 216).

## 2. Neuman's Claims in Equity

Next, the federal defendants request that the Court dismiss Neuman's claims for equitable or declaratory relief. Before addressing this issue, however, clarification of the pending claims is necessary.

At the outset, there appears to be some confusion as to whom Neuman has properly named as defendants. The Court previously dismissed Neuman's claims for damages, as raised in his first complaint, against Judge Joe McDade, Clerk John Waters, and Clerk Holly Kallister, as each was protected from suit by either absolute or qualified immunity (Doc. 115). However, as defendants never sought dismissal of Neuman's claims for equitable relief against these defendants, those claims remained pending.

In Neuman's most recent complaint (Doc. 214), he includes a list of defendants at the beginning, which does not include Judge McDade or Kallister. However, in Counts 30 through 38, it is clear that Neuman intends to raise claims against Judge McDade, Kallister, and Waters. It appears that the Government did not notice Neuman's attempt to name Judge McDade and Kallister as defendants in these counts, as neither is referenced in the motions now before the Court.

Nonetheless, Neuman raises no new allegations against any of the individual federal defendants. Accordingly, under the facts presented, each is immune from suit as explained in the

Court's previous Order (Doc. 115). Neuman cannot revive his claims against Judge McDade, Kallister, and Waters simply by including their names in the most recent complaint.

That leaves only Neuman's claims for equitable and declaratory relief against the federal defendants in Counts 30 through 38. Defendants seek dismissal of Neuman's claims for equitable relief under Federal Rule of Civil Procedure 12(b)(6). Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1965 (2007); EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).** In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. **St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007).**

The underlying facts, construed in Neuman's favor, are summarized as follows. Neuman previously filed a case in the Central District of Illinois, Case No. 05-CV-1002. On April 8, 2005, the Court entered an Order dismissing Neuman's case. Neuman alleges that Judge McDade directed clerks Kallister and Waters to change the date on that Order from April 8, 2005 to April 7, 2005 so that the dismissal would pre-date his filings. Neuman claims that this was done in violation of his rights and in violation of criminal law.

Neuman seeks declaratory and equitable relief, though he does not specifically state what the nature of either would be in this case. However, the Court cannot fathom any form of declaratory or equitable relief that it could effectively issue. First, Neuman's case in the Central District of Illinois is no longer pending. Therefore, any injunctive relief with respect to the Order in question would be infeasible and ineffective.

Moreover, "lack of an adequate remedy at law is a prerequisite to obtaining equitable

relief." ***Buntrock v. S.E.C.***, **347 F.3d 995, 997 (7th Cir. 2003).** Neuman fails to convince the Court that he has no adequate remedy at law. As the Government notes, any impropriety in Neuman's previous lawsuit in the Central District of Illinois could have been appealed to the Seventh Circuit. Neuman claims that by changing the date on the order dismissing his case, the district court improperly ignored his other filings. If that was the case, however, Neuman certainly could have appealed any alleged error, including the Court's failure to consider certain arguments he timely raised. Obviously, the proper Court in which to seek review of such error or impropriety in that case was the Seventh Circuit—not another district court.

As a result, Neuman's claims for declaratory and equitable relief against the federal defendants must be dismissed, and the Court hereby **GRANTS** defendants' motion (Doc. 216). Consequently, no claims remain pending against Judge McDade, Holly Kallister, or John Waters, and they are dismissed from this case.

## 2. Exhaustion of Administrative Remedies Under the Federal Tort Claims Act

Finally, the United States and the Central District of Illinois move for summary judgment as to Neuman's claims for damages under the Federal Tort Claims Act (FTCA), claiming that he has not exhausted his administrative remedies. However, a motion for summary judgment does not appear appropriate under these circumstances. **42 U.S.C. § 2675** states that a claim may not be "instituted" without first submitting a claim to the proper administrative agency. Because a plaintiff may not bring such a claim, the Court cannot render a judgment on the merits when one is improperly filed. Thus, the Court construes the motion as one to dismiss rather than as one for summary judgment. *See, e.g., Perez v. Wisconsin Dep't of Corrections*, **182 F.3d 532 (7th Cir. 1999) (comparing the FTCA to the Prisoner Litigation Reform Act and indicating that dismissal was appropriate rather than summary judgment under similar circumstances).**

Because the Government does not pinpoint the specific counts it wishes to attack, some background is necessary. As stated earlier, the only counts in Neuman's complaint that relate to the federal defendants are Counts 30 through 38. In his most recent complaint, however, Neuman appears to rely on the FTCA only with respect to Counts 31, 33, and 34. Neuman brings Counts 30 and 32 under various Illinois and federal criminal statutes. Count 34 alleges a claim under 42 U.S.C. § 1985, in addition to the FTCA. Count 35 is brought only under the Illinois Human Rights Act. Count 36 relies on Illinois criminal law, federal criminal law, and 42 U.S.C. § 1990. Count 37 is brought under the First Amendment. Finally, Count 38 seeks recovery under 42 U.S.C. § 1986.

The Government's instant motion only requests dismissal of those claims brought under the FTCA. As such, the Court only considers the motion with respect to the question of whether Neuman has adequately exhausted his administrative claims with respect to counts 31, 33, and 34.

Neuman points generally to the Federal Tort Claims Act, **28 U.S.C. § 2674**, as the primary basis for his FTCA claims. That statute provides in part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, **§ 2675(a)** clearly states that one may not file suit under the FTCA unless they first make an administrative claim.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

-6-

The United States's waiver of sovereign immunity under the FTCA is therefore conditioned upon the litigant's exhaustion of administrative remedies. *See Kanar v. United States*, 118 F.3d 527, 529 (7th Cir. 1997).

While other courts have placed the burden of proof on the exhaustion issue with the defendant, it does not appear that the Seventh Circuit has specifically addressed the issue under the FTCA. *See Tanter v. Dep't of the Interior*, 432 F.Supp.2d 58, 63 (D.D.C. 2006). However, in other contexts, courts in this circuit have generally treated failure to exhaust administrative remedies as an affirmative defense, which the defendant must prove. *See Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008) (placing the burden on the defendant in the context of prisoner litigation brought under 42 U.S.C. § 1983); *Salas v. Wisconsin Dep't of Corrections*, 493 F.3d 913, 922 (7th Cir. 2007) (placing the burden on the defendant in a Title VII action).

The United States and Central District of Illinois attempt to satisfy their burden by presenting a declaration from John L. Chastain stating that the Administrative Office of the United States Courts never received any such claim from Neuman (Doc. 285-2).[1]

In response, Neuman states that he attempted to file a civil rights complaint with the Department of Justice, explaining how he "was denied access to the Peoria County Courthouse on March 24, 2005 and [describing] the other violations of state and federal law in December of 2005 and January of 2006" (Doc. 240, p. 4). Neuman does not claim that he ever notified any federal agency, however, of his claims of misconduct by Judge McDade or the clerks of the Central District of Illinois.

---

[1] Originally, the declaration included a redaction of Chastain's signature. On July 30, 2008, the Court ordered the Government to re-file an unredacted version of the declaration within 24 hours (Doc. 284). The Government did so on July 31, 2008 (Doc. 285-2).

In any case, the documents were returned as undeliverable and Neuman was later informed that the P.O. Box to which he sent his documents was no longer in use. He states that he ultimately learned the proper address and attempted to send the documents three times—on June 16, 2006, November 28, 2006, and January 17, 2007. However, it is not clear whether his documents were ever received. Nonetheless, he argues that these actions should suffice for exhausting his administrative remedies.

The Court finds that Neuman did not exhaust administrative remedies as required under the FTCA, 42 U.S.C. § 2675(a). Neuman does not contend that he ever submitted a FTCA claim to the proper administrative agency—the Administrative Office of the United States Courts. He claims only that he sent a civil rights complaint to the Department of Justice. Neuman concedes: "I probably don't know how to properly submit my complaint according to title 28 sec 2675 under the Administrative Office for the Judiciary. But that doesn't deter me. The DOJ should have done this after I sent my complaint to them" (Doc. 240, p. 5). Section 2675(a) clearly states that the claim must be presented "to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" prior to instituting an action under the FTCA. The burden of filing such an administrative claim was on Neuman, not the Department of Justice.

Accepting as true all well-pled factual allegations and drawing all reasonable inferences in Neuman's favor, it is clear that Neuman has failed to exhaust his administrative remedies. As a result, the Court **GRANTS** the Government's motion to dismiss (Doc. 215) with respect to Neuman's FTCA claims in Counts 31, 33, and 34.

### C. Conclusion

Accordingly, the Court hereby **GRANTS IN PART AND DENIES IN PART** the defendants' motion to dismiss (Doc. 216). The Court **DENIES** the motion insofar as it seeks

dismissal of Neuman's complaint under Rule 8(a) and **GRANTS** the motion in that the Court **DISMISSES** Neuman's claims for declaratory and equitable relief against the United States, the Central District of Illinois, Judge Joe McDade, Holly Kallister, and John Waters.

Additionally, the Court **CONSTRUES** defendants' motion for summary judgment for failure to exhaust administrative remedies as a motion to dismiss (Doc. 215), **FINDS** that Neuman has failed to exhaust his administrative remedies, and **GRANTS** the motion to dismiss Neuman's claims under the FTCA in Counts 31, 33, and 34 (Doc. 215).

As a result, all claims against Judge McDade, Holly Kallister, and John Waters are hereby **DISMISSED**. Additionally, all of Neuman's claims for equitable or declaratory relief against the United States and the Central District of Illinois are **DISMISSED**. Neuman's claims for damages against the United States and the Central District of Illinois in Counts 30 through 38 remain pending insofar as they do not rely on the FTCA for recovery. As such, Counts 31 and 33 are dismissed entirely, as they rely on either criminal law without any independent right of recovery or the FTCA.

**IT IS SO ORDERED.**

**DATED this 31st day of July 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**