# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CV-0362-MJR |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On March 14, 2007, Neuman filed suit in Illinois state court against a large number of defendants, including officers employed by the Peoria County Sheriff's Department, Peoria County, the City of Peoria, and officers employed by the Peoria Police Department (Doc. 2). The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because each of the federal defendants is employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case.

Having received permission from the Court, Neuman filed an amended complaint in the above-captioned action on March 2, 2008 (Doc. 214). Therein, Neuman raises forty claims against approximately thirty defendants. The following defendants now move to dismiss Neuman's claims under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**: the County of Peoria, Kevin W. Lyons, Michael D. McCoy, William Atkins, Lynden D. Schmidt, Terry Short, Jim Ludolph, Larry Ryan, Kenneth Mack, Kimberly McManus, Diane Johnson, Larissa Rutherford, Randy Weber, the

Peoria County Courthouse, the Illinois State's Attorney Office, and the Peoria County Sheriff's Department (hereinafter "The County Defendants") (Docs. 228, 247, 263).

By separate motion, the City of Peoria, the Peoria Police Department, and Chief Steven Settingsgaard (hereinafter "The City Defendants") also move this Court to dismiss Neuman's claims against them under **Rule 12(b)(6)** (Doc. 222).

For the reasons stated below, the Court hereby **GRANTS** defendants' motions to dismiss (Docs. 222, 228, 247, & 263), **DENIES AS MOOT** defendants' motion to stay discovery (Doc. 295), and dismisses the unserved Peoria defendants pursuant to **Rule 4(m)** due to Neuman's failure to timely serve summons upon them.

### B. Legal Standards

Dismissal is warranted under **Rule 12(b)(6)** if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).** In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in Plaintiff's favor. ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).**

### C. Analysis

Neuman's claims stem from events that occurred at approximately 4:35 p.m. on March 24, 2005 at the Peoria County Courthouse. According to Neuman, he went to the courthouse so that he could identify various John Doe defendants for a lawsuit he previously filed. Additionally, he wished turn over paperwork to the State's Attorney's office and sought information on summons servers. Neuman also wanted to view the scene of events underlying a pending lawsuit.

As Neuman approached the metal detector, Officer Terry Short asked, "Where do you think you are going?" Officer Short then communicated to others via his radio that "The guy we have pictures of is attempting to enter the building." At that point, Officer Short stared at him in such a way that Neuman found intimidating. As a result, Neuman feared that officers at the courthouse were planning to retaliate against him for his previous lawsuits by falsely arresting him, assaulting him, or even killing him. Believing that he would be denied entrance into the courthouse, Neuman turned and left.

Neuman went to his car, which was parked near the courthouse on Main Street. He traveled south, but ultimately drove back to the courthouse. Upon approaching, Neuman noticed a Peoria City police car in the area where Neuman had been a few minutes before.

Neuman alleges that these facts indicate that security officers and others working in the courthouse had entered into a conspiracy, along with the Peoria Police Department, to deny Neuman's constitutional rights. In his complaint, Neuman seeks recovery under a variety of Illinois and federal statutes.[1] The County and City Defendants now seek dismissal of all claims against them under **Rule 12(b)(6)**.

First, they seek dismissal for violations of **FEDERAL RULE OF CIVIL PROCEDURE 8(a)**, as Neuman's complaint is long and repetitive. They also argue that Neuman's state law claims are barred by Illinois's one-year statute of limitations for claims against Illinois local governmental employees. Additionally, they claim that many of Neuman's claims are brought under statutes that

---

[1] The Court notes that counts 30 through 38 only involve the federal defendants. As Neuman seeks no recovery against the City or County Defendants in Counts 30 through 38, the Court need not address the factual claims therein while resolving the instant motions.

provide no private right of action. Defendants also argue that Neuman has sued improper parties in some circumstances. Finally, Defendants argue that Neuman fails to plead sufficient facts to support his claims as required under **Bell Atlantic v. Twombly** and **Rule 8**.

**1. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)**

The County Defendants first ask this Court to dismiss Neuman's claims due to his violation of **FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)**. Rule 8(a)(2) provides that a pleading stating a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, under the lenient notice pleading standard provided in the FEDERAL RULES OF CIVIL PROCEDURE, a pleading need only provide fair notice of the claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 512 (2002).**

While the Court agrees that Neuman's complaint is long, verbose, and unnecessarily repetitive, the complaint does succeed in putting the defendants on notice of the claims raised. The Court is also cognizant that Neuman is proceeding pro se, and while this does not excuse him from compliance with the FEDERAL RULES OF CIVIL PROCEDURE, the Seventh Circuit has repeatedly noted that "pro se pleadings are to be construed liberally, applying substantially less stringent standards than those applied to pleadings drafted by professional counsel." ***Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992) (citing *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986));** *see also Estelle v. Gamble*, **429 U.S. 91, 106 (1976);** *Anderson v. Hardman*, **241 F.3d 544, 545 (7th Cir. 2001).**

Under the circumstances, the Court declines to dismiss Neuman's complaint on these grounds. The Court sees no point in further protracting the length of this litigation and delaying resolution of Neuman's claims. Accordingly, the Court denies the Defendants' motion to dismiss on these particular grounds.

## 2. Neuman's Claims Under Illinois Law

As explained above, Neuman brings a variety of his claims under Illinois law, citing statutes from Chapter 720 of the Illinois Code, which provides Illinois's criminal code. As the Court noted in a previous Order, no private right of action exists under any of the Illinois criminal statutes cited by Neuman (See Doc. 288). Accordingly, all of Neuman's claims under the Illinois criminal code must be dismissed.

Neuman also repeatedly cites the Illinois Human Rights Act as a basis for recovery. However, in considering a claim brought under state law, the Court must also consider the state's controlling statute of limitations. The Illinois's Local Governmental and Governmental Employees Tort Immunity Act provides that

> [n]o civil action other than an action [arising out of patient care] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

**745 ILCS 10/8-101.** As the County Defendants note, Neuman's claims clearly fall within the purview of this statute of limitations. All of these defendants are either local entities, or the employees of a local entity. Therefore, Neuman had one year from March 24, 2005 in which to file any state-law claims against the County Defendants. However, he did not file this action until March 14, 2007—nearly two years after any causes of action under Illinois law accrued.

Neuman defends against this argument by noting that the statute of limitations under **42 U.S.C. § 1983** is two years. While that may be true, that limitations period is inapplicable to Neuman's state-law claims.

Accordingly, Neuman's state-law claims against the County Defendants must be

dismissed with prejudice.

**3. Neuman's Claims Under Federal Law**

   a. Statutes that Provide no Private Right of Action

  Neuman alleges a right to recovery for violations of his rights under various federal statutes. As was the case with his state claims, however, the vast majority of these statutes provide no private right of action. The Court has also addressed this issue in prior Orders (See Docs. 114 & 293). For instance, Neuman repeatedly cites Title 18 of the United States Code, which constitutes the federal criminal code. No private right of action exists under any of the criminal statutes Neuman cites.

  Neuman also cites other federal laws, including various sections of Title 42 of the United States Code. Again, the vast majority of these statutes either have no application to the instant action, or they provide no private right of action. For instance, Neuman cites **42 U.S.C. § 2000b**, which permits the Attorney General to institute various civil actions on behalf of certain individuals. He also cites **42 U.S.C. § 1997d**, which prohibits retaliation against individuals who report conditions that may violate the rights of an institutionalized person. Additionally, Neuman cites **42 U.S.C. §§ 1887, 1981, 1982, 1987, 1989, 1990, 1991, 1995, and 2000d**, which either provide no private right of action, have no possible relevance whatsoever to this case, or both. Accordingly, Neuman's claims must be dismissed insofar as they rely on these statutes for relief under **Rule 12(b)(6)**.

   b. Neuman's Other Federal Claims

  However, Neuman does rely on a few federal statutes that do permit a private right of action, such as **42 U.S.C. §§ 1983, 1985, and 1986.** As explained above, Neuman alleges that

he was denied access to the Peoria Count Courthouse by Officer Terry Short. He also alleges that Officer Short's actions were part of a larger conspiracy wherein the City and County Defendants sought to deny his constitutional rights, retaliate against him for his previous lawsuits, and obstruct justice.

Defendants argue that Neuman fails to state a claim upon which relief can be granted under the requirements of **Rule 8** and *Bell Atlantic v. Twombly*. **Rule 8** requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard requires that plaintiffs provide defendants with fair notice of their claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 512 (2002).** In *Bell Atlantic*, the Supreme Court explained:

> a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

*Bell Atlantic*, **127 S.Ct. at 1964–65 (internal citations omitted).** With respect to the plaintiff's allegation of conspiracy, the Court explained that Rule 8 requires a complaint to include "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," and that failure to do so may result in dismissal. *Id.* **at 1965.** Ultimately, the Court upheld dismissal of the complaint because a showing of parallel conduct among telecommunications providers, without any other facts suggesting the existence of an illegal agreement, did not fulfill the requirements of Rule 8. *Id.* **at 1974 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").**

Neuman has wholly failed to provide any factual support for his claims that the

County and City Defendants entered into an illegal agreement to violate his rights or that they violated his rights in the first place. The facts Neuman has provided indicate that Officer Short asked Neuman, "Where do you think you are going?" as he approached the courthouse. Officer Short then stated into his radio that "The guy we have pictures of is attempting to enter the building." Neuman also alleges that Officer Short intimidated him by staring at him. Because he "knew" that he would be denied entrance into the courthouse, Neuman turned and left voluntarily without ever being asked to do so. Neuman drove away, but later returned to the area and noticed a Peoria City police officer parked near the very location he had just left.

In order to recover under **42 U.S.C. § 1983**, one must show that they have been deprived of the "rights, privileges, or immunities secured by the Constitution and laws." Even a generous reading of the facts as Neuman has presented them does not provide any support for the proposition that his rights were violated. Neuman claims only that he believed he would be denied access to the courthouse. This is a far cry from being actually denied entrance. Rather, Neuman's complaint clearly and specifically explains that he left the courthouse voluntarily without being asked to do so. This Court cannot reasonably infer from the events described by Neuman that Officer Short and other employees at the courthouse were planning to do him physical harm or otherwise retaliate against him. Those allegations amount to wild speculation with absolutely no factual support in Neuman's complaint.

Neuman's complaint also fails to plead facts that would support his claims that a conspiracy against him existed or that various parties neglected to prevent it. **42 U.S.C. § 1985** requires a showing that the defendants actually conspired to deprive the plaintiff of his rights. **42 U.S.C. § 1986** only permits an action for neglect to prevent where one with knowledge of the

conspiracy had the power to prevent it and neglected or refused to do so.

Neuman makes quite a leap in arguing that the facts as presented suggest the existence of a conspiracy to deny his federal rights. He claims that the existence of a conspiracy is supported by the fact that Officer Short indicated that individuals at the courthouse had viewed pictures of Neuman. Neuman never explains how a courthouse security officer's possession of a picture of him constitutes the existence of a vast conspiracy involving the governmental entities and courthouse employees he lists in his complaint.

Furthermore, he offers no explanation for why the particular individual police officers named as defendants were pinpointed as members of any alleged conspiracy. Officer Short is the only individual who had any actual contact with Neuman—none of the County Defendants were involved in the underlying events. There is absolutely nothing connecting any of them to the factual events Neuman presents in his complaint. It appears that Neuman simply obtained the names of various Peoria County police officers and added them to his complaint without any indication that they were actually involved in a conspiracy.

With respect to the City Defendants, Neuman states merely that soon after he left the courthouse, Neuman saw a Peoria City Police Officer in the area Neuman recently left. But there is nothing particularly suspicious about a police officer parking his vehicle near the County courthouse. How the presence of a police car in this location plausibly supports Neuman's claims of wrongdoing are never explained. Neuman even admits in his response that his claims against the City Defendants are entirely speculative, stating that the officer's presence may have been entirely coincidental. He states:

> Also, the Peoria Police Department where (sic) either co-conspirators, unwitting co-conspirators or perhaps just a coincidence.

> I truly believe a Peoria City officer was dispatched to the last known location of the plaintiff. . . . I hope this is just a coincidence.

(Doc. 250, pp. 1-2). Because of his uncertainty, Neuman suggests that the parties should undertake extensive discovery in order to disprove the allegations. However, the onus is not upon the defendants to do so—as ***Bell Atlantic*** clearly explains, Neuman must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." ***Bell Atlantic*, 127 S.Ct. at 1965.**

Essentially, Neuman seeks a fishing expedition, but this Court sees no basis in the complaint for one. Neuman's wild speculation about the motives and intentions of both the County and City Defendants are without factual support. Based on Neuman's complaint and supporting memoranda, the claims he raises against these Defendants appear to be wholly without merit.

As such, the allegations against the County and City Defendants are entirely speculative, conclusory, and without support. Even accepting as true all well-pled factual allegations and drawing all reasonable inferences in Plaintiff's favor, such broad assertions are not sufficient under the provisions of **Rule 8** and ***Bell Atlantic***.

Because the complaint fails to set forth enough facts to state a plausible claim to relief, the Court grants the motions to dismiss all claims against the County and City Defendants under **Rule 12(b)(6)** (Docs. 222, 228, 247 & 263). As a result, the Court need not address the Defendants' other arguments.

### D. Unserved Peoria Defendants

It appears from the docket sheet that Neuman has named three other defendants who have yet to appear in this action. These are Peoria County Officers R. Thompson and M. Bromwell, and Assistant Attorney General Nadine Wichern. **FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Neuman's amended complaint was filed on March 2, 2008 (Doc. 214). Accordingly, service was to be completed no later than July 1, 2008.

Prior to Neuman's most recent amendment, the Clerk of the Court issued a summons as to Wichern on November 19, 2007 (Doc. 119). Neuman indicated as of April 1, 2008 that Wichern had still not been served (Doc. 239). Additionally, the Clerk of the Court issued summonses as to Thompson and Bromwell on March 6, 2008 (Doc. 219). The summons were returned unexecuted on April 23, 2008 (Doc. 254).

To date, none of these defendants have been served. Additionally, Neuman has not requested and the Court has not granted an extension of time in which to do so. Therefore, pursuant to **Rule 4(m)** the Court hereby dismisses Thompson, Bromwell, and Wichern without prejudice as a result of Neuman's failure to timely effect service.

### E. Conclusion

Accordingly, the Court **GRANTS** the Defendants' motions to dismiss (Docs. 222, 228, 247, & 263). In doing so, the Court hereby **DISMISSES** Neuman's claims under Illinois law **with prejudice** as to the following parties, pursuant to Illinois's Local Governmental and Governmental Employees Tort Immunity Act: the County of Peoria, Kevin W. Lyons, Michael D. McCoy, William Atkins, Lynden D. Schmidt, Terry Short, Jim Ludolph, Larry Ryan, Kenneth Mack, Kimberly McManus, Diane Johnson, Larissa Rutherford, Randy Weber, the Peoria County

Courthouse, the Illinois State's Attorney Office, and the Peoria County Sheriff's Department.

The Court hereby **DISMISSES** all other claims against the following parties pursuant to **Rule 12(b)(6)**: the County of Peoria, Kevin W. Lyons, Michael D. McCoy, William Atkins, Lynden D. Schmidt, Terry Short, Jim Ludolph, Larry Ryan, Kenneth Mack, Kimberly McManus, Diane Johnson, Larissa Rutherford, Randy Weber, the Peoria County Courthouse, the Illinois State's Attorney Office, the Peoria County Sheriff's Department, the City of Peoria, the Peoria Police Department, and Chief Steven Settingsgaard.

Consequently, the Court **DENIES AS MOOT** the City and County Defendants' motion to stay discovery (Doc. 295).

Finally, pursuant to **Rule 4(m)** the Court hereby **DISMISSES** R. Thompson, M. Bromwell, and Nadine Wichern **without prejudice** as a result of Neuman's failure to timely serve summons upon them.

As a result, Neuman's only surviving claims are Counts 30, 32, and 34 through 38 against the United States of America and the Federal District Court for the Central District of Illinois.

**IT IS SO ORDERED.**

**DATED this 19th day of August 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**