**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES NEUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0362-MJR |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On March 14, 2007, Neuman filed this action in Illinois state court alleging violations of his civil rights. Having been granted leave by the Court to do so, Neuman filed an amended complaint on March 2, 2008 (Doc. 214). In general, Neuman alleges that various defendants employed by Peoria County and the City of Peoria conspired to violate his civil rights by denying him access to the Peoria County Courthouse.

On March 17, 2008, Defendants McNaught and Nemenoff moved this Court to dismiss all claims against them pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc. 232). The Court granted their motion to dismiss on August 7, 2008 (Doc. 293).

Additionally, various defendants employed by Peoria County (hereinafter "the County Defendants") moved this Court to dismiss all claims against them (Docs. 228, 247 & 263). On August 19, 2008, the Court granted the County Defendants' motions to dismiss (Doc. 297).

McNaught, Nemenoff, and the County Defendants now move this Court to impose sanctions against Neuman pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 11** (Docs. 242 &

-1-

282). **Rule 11(c)** permits this Court to award sanctions against a party who violates **Rule 11(b)**, which provides that by submitting pleadings and motions to the Court, a party certifies to the Court that the filing is made in good faith, is not presented for an improper purpose, and evidentiary support exists for the contentions made therein.

In support of their motions, the Defendants argue that Neuman's complaint is unnecessarily long, unwieldy, and at times incoherent. They also argue that while his complaint asserts that the Defendants conspired to violate his civil rights, he has no evidence to support his claims. Indeed, the Court has found that Neuman's complaint fails to state a claim for relief under Rule 12(b)(6) because the allegations therein are entirely speculative. Defendants argue that Rule 11 sanctions are appropriate here because Neuman's complaint is not well-grounded in fact or law. Finally, Defendants allege that Neuman has previously raised similar factual claims in separate litigation, where he was warned against abusive litigation.

The Court finds the question of sanctions here to be a close case. If Neuman was a learned attorney, the Court would likely grant Defendants' motions for sanctions. But the Court is disinclined to grant sanctions where, as here, a pro se plaintiff's filings indicate a sufficient attempt to grapple with the law despite a clear understanding of its meaning. While the Court agrees that Neuman's filings have rambled, have strayed from the focus of the litigation, and at times have been unnecessarily repetitive, the Court deems these failings to be the result of Neuman's pro se status. While this status does not excuse him from compliance with the **FEDERAL RULES OF CIVIL PROCEDURE**, the Seventh Circuit has repeatedly noted that "pro se pleadings are to be construed liberally, applying substantially less stringent standards than those applied to pleadings drafted by professional counsel." ***Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992) (citing *Hossman v.***

***Blunk*, 784 F.2d 793, 797 (7th Cir. 1986));** *see also Estelle v. Gamble*, **429 U.S. 91, 106 (1976);** *Anderson v. Hardman*, **241 F.3d 544, 545 (7th Cir. 2001).**

Additionally, the filings offered by Defendants' in support of the argument that Neuman previously brought many of the factual allegations before a district court in other proceedings do not indicate that he has raised such claims in the past. Defendants' exhibits consist of various motions and an affidavit apprising the district court in that case of certain problems Neuman encountered in carrying out prior litigation—the very problems he now raises in the instant action. As far as this Court can tell, however, no other court has ever considered the particular claims Neuman raises here.

Defendants do include an April 7, 2005 Order from the Central District of Illinois in a prior proceeding, in which Neuman was warned against submitting filings and pleadings for improper purposes, especially after his threat in that case to become "even more difficult to deal with in the future" (Case No. 05-CV-1002-JBM, Doc. 54 (C.D. Ill. Apr. 7, 2005)). Therein, the district court noted this concern in light of the fact that Neuman's complaint there raised issues that had already been resolved in a prior action and were therefore barred by collateral estoppel. Such is not the case here. Though substance and support have often been lacking in Neuman's filings, he has not filed a repetitive suit that repeatedly raises the same issues.

Where Neuman's claims have been without merit or support, the Court has dismissed them. In the context of this particular case, the Court believes that its rulings have been sufficient to expeditiously resolve this case so that the parties may move forward.

The Court notes again that this is a close call. On the record currently before it, the Court declines to award Rule 11 sanctions at this time. Neuman should, however, consider this

Order as a warning that this district court may award sanctions in the future if Neuman insists on filing actions or motions that have no basis in law or fact.

Accordingly, the Court hereby **DENIES** Defendants' motions for sanctions (Docs. 242 & 282).

**IT IS SO ORDERED.**

**DATED this 23d day of September 2008.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**