# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-CV-0362-MJR |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Recently, the Court granted various motions to dismiss (Docs. 288, 293, & 297). Unhappy with this result, Neuman now moves the Court for a rehearing of the issues decided in these Orders before a panel of district judges (Docs. 301 & 304). The Court **DENIES** Neuman's request, as no such procedure is available in this district court.

Additionally, on August 19, 2008, the Court granted four motions to dismiss (Docs. 222, 228, 287, & 263) pursuant to **Rule 12(b)(6)** for failure to state a claim upon which relief can be granted (Doc. 297). Therein, the Court also dismissed Defendants Thompson, Bromwell, and Wichern due to Neuman's failure to timely serve summons upon them. Now, Neuman presents a number of legal arguments as a motion for reconsideration (Doc. 301).

The **FEDERAL RULES OF CIVIL PROCEDURE** do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as **Rule 59(e)** motions to alter/amend or **Rule 60(b)** motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was served within ten days of entry of the challenged judgment

or order, then **Rule 59(e)** applies.  On the other hand, if the motion to reconsider was served more than ten days after entry of the challenged judgment or order, **Rule 60(b)** applies.  *See Britton v. Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997);** *Russell v. Delco Remy Division of General Motors Corp.*, **51 F.3d 746, 750 (7th Cir. 1995);** *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992).**  This Court follows **FEDERAL RULE OF CIVIL PROCEDURE 6(a)** in calculating the ten-day period (i.e., counting the ten days to exclude weekends and holidays).

Here, Neuman's motion seeking reconsideration was served more than ten days after the Court's August 19, 2008 Order (Doc. 297).  Therefore, Rule 60(b) governs.

**Rule 60(b)** permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order.  A **Rule 60(b)** motion cannot be used to correct simple legal errors.  "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'"  *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).**  The Seventh Circuit has emphasized that **Rule 60(b)** imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail.  *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Neuman argues that the Court has not given a fair reading to his complaint because it failed to specifically address each and every statute that he cited in support of his claims. Throughout this case, the Court has made an earnest attempt to review Neuman's complaint so as to determine the basis for each cause of action raised.  In a sprawling complaint, wherein forty claims are raised against approximately thirty defendants, Neuman identifies a mountain of statutes

upon which he believes he can recover (Doc. 214). However, to the extent that the Court may have overlooked any particular basis of Neuman's claims, the Court now clarifies.

First, Neuman argues that the Court failed to address his claims under **42 U.S.C. § 2000b-2**. In its Order, the Court stated that Neuman's reliance on **§ 2000b** was to no avail because that statute simply permits the Attorney General to institute various civil actions on behalf of certain individuals. As such, the Court found that the statute did not provide a private right of action. In doing so, the Court did overlook the language of **§ 2000b-2**, which states, "Nothing in this subchapter shall affect adversely the right of any person to sue for or obtain relief in any court against discrimination in any facility covered by this subchapter." Even so, the subchapter permits recovery for the deprivation or threat of loss of one's "right to the equal protection of the laws, on account of his race, color, religion, or national origin, by being denied equal utilization of any public facility . . . ." At no time has Neuman ever alleged that he was denied any rights on the basis of race, color, religion, or national origin. Consequently, his complaint fails to state a claim upon which relief can be granted under these statutes.

Additionally, Neuman complains that the Court failed to address his claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments. The Court has in fact thoroughly addressed Neuman's constitutional claims as raised via **42 U.S.C. § 1983.** In order to recover for a constitutional violation under **§ 1983**, one must show that they have been deprived of the "rights, privileges, or immunities secured by the Constitution and laws." As the Court noted in its August 19, 2008 Order, even a generous reading of the facts as Neuman has presented them does not provide any support for the proposition that any of his constitutional rights were violated. Neuman claims only that he believed he would be denied access to the courthouse. This is a far cry from

being actually denied entrance. Rather, Neuman's complaint clearly and specifically explains that he left the courthouse on his own, without being asked to do so, as a result of his unsubstantiated fear. This Court cannot reasonably infer from the events described by Neuman that the employees at the courthouse were planning to do him physical harm or otherwise retaliate against him. Those allegations amount to wild speculation with absolutely no factual support in Neuman's complaint. Such is the case regardless of which constitutional amendment Neuman relies upon. He has simply failed to state a claim upon which relief can be granted.

Next, Neuman faults the Court for its failure to address his claims under **42 U.S.C. §§ 1981 and 1988**. **Section 1981** provides that all persons "shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." In its previous Order, the Court stated that it could not determine how this particular statute had any relevance to the current proceedings, except possibly to the extent that Neuman claims he was denied access to the courts. And the Court has thoroughly explained above and in its prior Order why such a claim is unavailing. Likewise **§ 1988** is no help to Neuman, as it simply permits the Court to award certain fees and costs to the prevailing party in a civil rights action and makes certain provisions for the applicability of statutory and common law.

Neuman also explains frustration that the Court did not address certain specific criminal statutes found in Title 18 cited in support of his complaint. No private right of action exists under any of the criminal statutes Neuman cites.

Neuman's other arguments are simply recitations of the allegations in his complaint, and the Court has thoroughly addressed why those claims do not pass muster under **Rule 12(b)(6)**.

Neuman has failed to demonstrate any exceptional circumstances that would provide the Court with justification to revisit its August 19, 2008 Order (Doc. 297). In his motion, Neuman simply explains his dissatisfaction with the Court's Order and its consequences. This is an insufficient basis for the relief Neuman requests. No exceptional circumstances exist by which Neuman can sustain his burden under any of the grounds listed in Rule 60(b).

Accordingly, the Court hereby **DENIES** Neuman's motions for reconsideration and rehearing before a panel of district judges (Docs. 301 & 304).

**IT IS SO ORDERED.**

**DATED this 13th day of November 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**