IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0362-MJR |
| ) | |
| UNITED STATES OF AMERICA, and ) | |
| FEDERAL DISTRICT COURT FOR ) | |
| THE CENTRAL DISTRICT OF ) | |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A. Introduction and Background**

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants, including the United States of America and the Federal District Court for the Central District of Illinois. This Court dismissed all but six of Neuman's original claims for damages against the United States, because Neuman failed to show that the federal government had waived sovereign immunity under the Federal Tort Claims Act (FTCA) and because no independent right of recovery existed under various statutes Neuman relied upon (Doc. 114). Neuman's claims for equitable relief remained pending, as the Government had not moved for dismissal of those claims.

Having received permission from the Court, Neuman filed an amended complaint in the above-captioned action on March 2, 2008 (Doc. 214). Therein, Neuman raises forty claims against approximately thirty defendants. However, the only counts that allege wrongdoing by the United States or the Central District of Illinois are Counts 30 through 38.

On July 31, 2008, the Court dismissed the individual federal defendants and all of Neuman's claims for equitable or declaratory relief against the United States and the Central District of Illinois (Doc. 288). The Court also dismissed all of Neuman's claims insofar as they relied on the FTCA for recovery, due to Neuman's failure to exhaust administrative remedies. This resulted in the dismissal of Counts 31 and 33 in their entirety.

All Defendants other than the United States and the Central District of Illinois were dismissed in August 2008 (Docs. 293, 296, & 297). Accordingly, only Counts 30, 32, and 34 through 38 against the United States and the Central District of Illinois remain pending.

The remaining Defendants now move this Court to dismiss all claims against them, arguing that the United States and its agencies have not waived sovereign immunity, and that this Court therefore lacks subject matter jurisdiction over this action (Doc. 289). For the reasons stated below, the Court **GRANTS** the motion to dismiss.

## B. Analysis

In its motion, the United States and the Central District of Illinois move for dismissal for lack of subject matter jurisdiction under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1).** The Defendants argue that they cannot be sued for damages unless the United States has waived its sovereign immunity. The Supreme Court has explained:

> Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."

*F.D.I.C. v. Meyer*, **510 U.S. 471, 475 (1994) (citations omitted).** Additionally, "without specific statutory consent, no suit may be brought against the United States." *United States v. Shaw*, **309 U.S. 495, 500-01 (1940).** The plaintiff bears the burden of proving that a particular statute waives

sovereign immunity. ***Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action."); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981) ("A party who sues the United States has the burden of pointing to a congressional act that gives consent.").**

In its motion, the Government points to particular statutes cited by Neuman in Counts 30, 32, and 34 through 38, and notes the lack of an explicit waiver of sovereign immunity therein. Counts 30 and 32 are brought under various Illinois and federal criminal statutes. The remaining portions of Count 34 rely on 42 U.S.C. § 1985. Count 35 is brought only under the Illinois Human Rights Act. Count 36 relies on Illinois criminal law, federal criminal law, and 42 U.S.C. § 1990. Count 37 is brought under the First Amendment. Finally, Count 38 seeks recovery under 42 U.S.C. § 1986.

Neuman has failed to show that the United States has waived sovereign immunity as to any of these claims. The bulk of his response is devoted to rehashing his position with respect to his claims under the FTCA and the reasons why he believes he exhausted his administrative remedies. However, the Court has already ruled that Neuman failed the exhaustion requirement (Doc. 288), and that issue not need be revisited. To the extent that any of his claims rely on the FTCA, they have been dismissed.

Neuman also argues that his complaint states a claim against the individual federal Defendants under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).** The Court has already determined that Defendants McDade, Waters, and Kallister are entitled to either absolute or qualified immunity (Doc. 288; see Doc. 115).

Neuman fails to identify any federal statute through which the United States has explicitly waived its immunity with respect to any of the federal or state claims raised in Counts 30, 32, and 34 through 38. Because the United States has not waived its sovereign immunity, the Court lacks subject matter jurisdiction over the remaining claims, and the action must be dismissed.

### C.  Conclusion

Accordingly, the Court hereby **GRANTS** the Defendants' motion to dismiss on the basis of sovereign immunity (Doc. 289) and **DISMISSES** Counts 30, 32, and 34 through 38 against the United States of America and the Federal District Court for the Central District of Illinois **with prejudice.**

As no pending claims remain, this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**DATED this 13th day of November 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**