# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CV-0362-MJR |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On March 14, 2007, Plaintiff Neuman filed suit in Illinois state court against a large number of defendants. The case was removed to federal court in the Central District of Illinois on May 1, 2007. Because each of the federal defendants is employed in the Central District of Illinois, all judges in that district recused themselves, and the case was transferred to the Southern District of Illinois on May 17, 2007. The undersigned Judge was then randomly assigned to the case. Having received permission from the Court, Neuman filed an amended complaint in the above-captioned action on March 2, 2008 (Doc. 214). Therein, Neuman raised forty claims against approximately thirty defendants.

On July 31, 2008, the Court dismissed the individual federal defendants and all of Neuman's claims for equitable or declaratory relief against the United States and the Central District of Illinois (Doc. 288). The Court also dismissed all of Neuman's claims insofar as they relied on the Federal Tort Claims Act for recovery, due to Neuman's failure to exhaust administrative remedies. All Defendants other than the United States and the Central District of Illinois were dismissed in August 2008 (Docs. 293, 296, & 297). Finally, all remaining claims were dismissed on November 13, 2008 (Doc. 308).

On December 1, 2008, Neuman moved for a new trial under **FEDERAL RULE OF CIVIL PROCEDURE 59.** As this case never proceeded to the trial stage, the Court construes Neuman's filing as a motion to alter or amend a judgment under **Rule 59(e)**. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 1006 (2007);** *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Neuman fails to identify any clear errors of law. Instead, his motion makes a number of generic allegations that the undersigned District Judge was biased against him, that a change of venue should have been granted, that he was not given adequate time for discovery, and that the Court erred in dismissing certain claims under both Rule 12(b)(6) and the FTCA's requirement that he exhaust administrative remedies.

First, Neuman claims the undersigned District Judge was biased against him. Neuman's basis for this allegation is that he was mistreated by the Clerk's office in this district's Benton courthouse. Specifically, Neuman claims that the Court delayed its rulings on numerous motions to dismiss in the hopes that doing so would somehow keep Neuman from filing a lawsuit against the Clerk's office before the statute of limitations ran out. It is difficult to see how any action by the Court could have delayed Neuman from filing such a suit. At no time was he prohibited from doing so, nor did this Court indicate in any way that he should wait. The Court cannot fathom how the pendency of any motion in this action could forestall Neuman pursuing a separate lawsuit. And in any case, Neuman goes on to claim that he did in fact file a separate suit within the limitations

period.[1]

The Court has explained ad nauseam that a change of venue is not warranted and that the Court does not have any bias against Neuman (see docs. 60, 62, 148, 286). Upon receiving notice of Neuman's dispute with the Benton clerk's office, the Court immediately addressed the issue by moving all aspects of the case from the Benton courthouse to East St. Louis (Doc. 62). **28 U.S.C. § 455** indicates that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . ." Additionally, "Factual averments of bias or prejudice must be more than the movant's mere conclusions, opinions, or rumors." ***Dyson v. Sposeep*, 637 F. Supp. 616, 619 (N.D. Ind. 1986).** Here, Neuman has only offered his unfounded suspicions that the incidents in the Benton Clerk's office have biased the Court. There is no basis for that allegation, and at no time have any grounds existed that would warrant a change of venue.

Neuman also claims he was not given adequate time for discovery. This argument is immaterial to dismissal of Neuman's claims. Some defendants were dismissed because they are immune from suit. Other claims were dismissed under Rule 12(b)(6) because Neuman failed to state claims upon which relief could be granted. Finally, Neuman's claims under the FTCA were dismissed because he failed to exhaust administrative remedies. Further discovery would not have helped Neuman avoid dismissal on any of these grounds.

Finally, Neuman claims that the Court's rulings under Rule 12(b)(6) and the exhaustion requirement of the FTCA were erroneous. With respect to the Court's findings that Neuman failed to state claims upon which relief could be granted, the Court notes that Neuman did not set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra HealthServices, Inc.*, 496 F.3d 773, 776 (7th Cir.**

---

[1] The Court obviously makes no ruling as to whether that suit is timely.

**2007).** Here, Neuman simply repeats the allegations of his complaint. But relying on the exact same allegations that this Court has already deemed inadequate under Rule 12(b)(6) is no more successful now than when the Court made its initial ruling. Even construing every well-pled factual allegation as true and drawing all reasonable inferences in Neuman's favor, there was no basis for recovery.

With respect to Neuman's claims under the FTCA, the Court notes that Neuman never provided any information that would permit this Court to find that he exhausted administrative remedies. **42 U.S.C. § 2675** states that a claim may not be "instituted" without first submitting a claim to the proper administrative agency. On this point, Neuman only claims that he attempted to file a civil rights complaint with the Department of Justice, wherein he alleged that he was improperly denied access to the Peoria County Courthouse on March 24, 2005. But Neuman does not claim that he included information about his claims of misconduct by any of the federal defendants—Judge McDade and the clerks of the Central District of Illinois. In any case, the proper administrative agency for submitting an FTCA claim against these defendants was the Administrative Office of the United States Courts. It is clear that Neuman did never submitted a claim to the proper agency and therefore failed to exhaust his administrative remedies as required by the FTCA.

As Neuman fails to identify any legal error that would justify altering or amending the judgment in this case, the Court hereby **DENIES** Neuman's motion (Doc. 312).

**IT IS SO ORDERED.**

**DATED this 4th day of December 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**