IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0362-MJR |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On November 13, 2008, the Court dismissed all remaining claims in Neuman's case and entered judgment in favor of the Defendants (Doc. 309). On December 1, 2008, Neuman filed a motion for new trial (Doc. 312), which was denied on December 4, 2008 (Doc. 313).[1] On January 21, 2009, Neuman filed a notice of appeal (Doc. 317). Now, he asks this Court to grant him leave to appeal *in forma pauperis* (Doc. 323). The Court **DENIES** Neuman's motion.

Motions for pauper status on appeal are governed by **28 U.S.C. § 1915**. Section 1915(a)(1) authorizes federal district courts to permit the commencement of any civil action or appeal without prepayment of fees where the applicant submits a financial affidavit showing that

---

[1] Some Defendants have filed an objection to Neuman's motion to appeal *in forma pauperis* (Doc. 325). Therein, they claim that the Court improperly calculated the number of business days between its judgment (November 13, 2008) and Neuman's motion for new trial (December 1, 2008). Defendants argue that Neuman's motion was in fact filed 11 days after judgment and should have been decided pursuant to Rule 60 rather than Rule 59. The discrepancy of one day in the Court's calculation can be accounted for by the fact that the Court purposely did not include Friday, November 28, 2008 (the day after Thanksgiving) in its calculation. The reason for this is because a directive of Chief Judge David Herndon provided that the Southern District of Illinois was closed on this date.

1

he cannot afford to pay the associated fees. Neuman's financial affidavit indicates that Neuman makes $2,800 a month and has $650 in savings. This alone indicates to the Court that Neuman's motion should be denied, as it appears that he lacks the requisite indigence necessary to claim pauper status.

Furthermore, **§ 1915(a)(3)** provides that "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." A district court must ensure that it does not apply an inappropriately high standard when making a determination of good faith. *Pate v. Stevens*, **163 F.3d 437, 439 (7th Cir. 1998).** Seventh Circuit law is clear that an appeal is taken in bad faith if it is based upon a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, **209 F.3d 1025, 1026 (7th Cir. 2000).**

The Court finds no objectively reasonable argument to indicate that Neuman's claims have merit. The Court has repeatedly explained that a number of parties are clearly entitled to immunity. Where they are not, Neuman has failed to state claims upon which relief can be granted. The Court has thoroughly explained why this is so throughout its many Orders. As a result, the Court cannot find that Neuman's appeal is taken in good faith.

For these reasons, the Court **DENIES** Neuman's motion for leave to appeal *in forma pauperis* (Doc. 323) and **CERTIFIES** that Neuman's appeal is not taken in good faith.

**IT IS SO ORDERED.**

**DATED this 2d day of February 2009.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**