# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES NEUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0362-MJR |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

Neuman's case was dismissed on November 13, 2008 (Doc. 308) and the Court denied Neuman's motion for a new trial on December 4, 2008 (Doc. 313). Neuman's appeal to the Seventh Circuit was initially dismissed on February 25, 2009 (Doc. 328), but was apparently reinstated on March 12, 2009 (Doc. 332). It is still pending.

Despite the fact that his case is already on appeal, Neuman continues to file motions seeking writs of mandamus and leave to appeal, rehashing issues that the Court has already addressed numerous times throughout the course of the litigation. One such motion was filed on March 12, 2009 (Doc. 330). Neuman made various allegations that have no basis in fact, including that (a) the undersigned District Judge is biased and should have recused himself because Neuman was insulted by a staff member in the Clerk's office, and that (b) Magistrate Judge Wilkerson was unfit to preside over any portion of this case because he "spends lots of time playing games on his computer." Believing that Neuman's appeal had been dismissed, the Court originally denied the motion on the merits and threatened sanctions:

> [D]espite numerous warnings throughout the course of this action, Neuman insists on filing repetitive motions that serve no purpose other than to harass the Court. Future filings in this vein will merit sanctions.

Of course, the threat of sanctions should have come as no surprise to Neuman, as the Court has previously warned him not to file pleadings that harrass the parties and/or the Court. Earlier in the litigation, various Defendants sought sanctions against Neuman under **FEDERAL RULE OF CIVIL PROCEDURE 11**. On September 23, 2008, the Court denied the motions for sanctions, but noted that it was a close call (Doc. 303). At that time, the Court gave Neuman the benefit of the doubt due to his *pro se* status and his apparent attempt to grapple with unfamiliar legal issues. However, the Court specifically stated:

> The Court notes again that this is a close call. On the record currently before it, the Court declines to award Rule 11 sanctions at this time. Neuman should, however, consider this Order as a warning that this district court may award sanctions in the future if Neuman insists on filing actions or motions that have no basis in law or fact.

Nonetheless, Neuman persists in filing additional motions that lack factual support, contain baseless allegations, and reargue the same issues. For instance, on April 12, 2009, he filed two more motions asking for a "writ of certiorari and mandamus" (Doc. 333) and leave to appeal (Doc. 334). The thrust of these motions was identical to that of his March 12, 2009 motion for a writ of mandamus (Doc. 330).

Consequently, the Court entered an Order to Show Cause why Neuman ought not be sanctioned, in accordance with **Rule 11(c)(3)** (Doc. 335). Thereafter, Neuman sought an extension of time to respond (Doc. 336). The Court granted the extension and directed Neuman to file a response no later than May 18, 2009 (Doc. 337). Neuman failed to submit a timely response, and

belatedly filed a 32-page screed on May 28, 2009 (Doc. 338). Because Neuman's response was untimely, the Court ordered it stricken (Doc. 340) and does not consider the arguments therein in determining whether sanctions are warranted.[1]

However, the Court did hold an in-person hearing on May 29, 2009, at which Neuman was given the opportunity to explain why sanctions ought not be issued. But he presented no such explanation, preferring instead to complain about the Court's handling of his cases.

Thus, for the reasons stated below, the Court **SANCTIONS** Neuman in the form of a $1,000 penalty to the Court.

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 11(b)** states that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

---

[1] While the Court does not consider Neuman's untimely response in determining whether to Order sanctions, a particular sentence included therein did catch the Court's attention. In the midst of a vindictive tirade, Neuman stated: "I must ask, when you become a judge or join the judicial system do they remove your spin (sic) or give you some type of vasectomy?" (Doc. 338, p. 16). At the hearing, the Court inquired whether Neuman wished to stand by this question. He quickly disavowed this portion of his response.

**Rule 11(c)** permits the Court to impose sanctions for a violation of **Rule 11(b)**. Specifically, **Rule 11(c)** states: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Despite the Court's Orders warning him not to do so, Neuman insists on filing documents that include arguments that the Court has rejected on numerous occasions as having no basis in law or fact. Such documents serve no purpose but to harass the Court. For instance, Neuman continues to argue that the District Judge should be disqualified from the case due to his knowledge of the Benton Clerk's Office's alleged mistreatment of Neuman during a phone conversation. The Court has rejected this argument many times (*see* Docs. 60, 62, 148, 313, 331). And despite the fact that his case is on appeal, Neuman continues to file motions raising the exact same arguments alongside his spiteful rants. These repetitious filings serve no purpose but to burden the Court, and they require the Court to address frivolous arguments while other legitimate matters are delayed.

Additionally, Neuman's motions include many rambling pages expressing his frustration with the judicial system and venting unfocused anger at the Court. While the Court has generally been patient with Neuman, many of his filings lack the civility that should accompany Court filings. Indeed, Neuman's most recent repetitive and spiteful submissions have served no purpose but to harrass the Court, cause unnecessary delay, increase the cost of litigation, and waste the Court's time. Accordingly, it is within the Court's discretion to sanction Neuman pursuant to **Rule 11(b)(1).**

In selecting an appropriate sanction, the Court is mindful of **Rule 11(c)(4)**, which

provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Here, the Court finds that a reasonable monetary penalty paid to the Court will sufficiently deter the repetition of such conduct, both by Neuman and other litigants. In determining a reasonable amount, the Court has considered his financial circumstances, as provided by Neuman.[2]

Having fully considered all relevant factors, the Court now sanctions Neuman in the amount of a $1,000 penalty to the Court, due 60 days from the entry of this Order. In addition, the Court warns Neuman that it will not countenance personal attacks on this Court, such as the one listed in footnote 1 on page 3 of this Order. Further violations will result in the Court escalating from monetary sanctions to civil and/or criminal contempt of Court which could, after due process and a hearing, include incarceration.

### C. Conclusion

For the reasons stated above, the Court hereby **SANCTIONS** Neuman pursuant to **Rule 11** and **DIRECTS** Neuman to pay a **$1,000.00** penalty to the Court.

**Payment is due 60 days from the entry of this Order.** The full amount is **payable to Clerk, U.S. District Court**. Neuman shall mail his payment to the Clerk of the Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201, **payable to: Clerk,**

---

[2] At the May 29, 2009 hearing, Neuman indicated that the financial information he submitted as part of a recent motion to appeal *in forma pauperis* (Doc. 323) remains accurate, though his checking account now holds greater funds than his previous filings suggest.

**U.S. District Court.**

Finally, the Court **SETS** a status hearing in this case for **11:00 a.m. on November 25, 2009** to ensure that Neuman has complied with this Order.

**IT IS SO ORDERED.**

**DATED this 1st day of June 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**