# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 07-CV-0362-MJR |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|       **Defendants.** | ) |

## ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

Much of the background of this case was explained in the Court's June 1, 2009 Order (Doc. 341). However, the Court repeats that background here to provide a point of reference.

Neuman's case was dismissed on November 13, 2008 (Doc. 308) and the Court denied Neuman's motion for a new trial on December 4, 2008 (Doc. 313). Neuman's appeal to the Seventh Circuit was initially dismissed on February 25, 2009 (Doc. 328), but was apparently reinstated on March 12, 2009 (Doc. 332). It is still pending.

Despite the fact that his case is already on appeal, Neuman continues to file motions seeking writs of mandamus and leave to appeal, rehashing issues that the Court has already addressed numerous times throughout the course of the litigation. One such motion was filed on March 12, 2009 (Doc. 330). Neuman made various allegations that have no basis in fact, including that (a) the undersigned District Judge is biased and should have recused himself because Neuman was insulted by a staff member in the Clerk's office, and that (b) Magistrate Judge Wilkerson was unfit to preside over any portion of this case because he "spends lots of time playing games on his

-1-

computer." These arguments had already been raised and rejected multiple times before. Thus, believing that Neuman's appeal had been dismissed, the Court denied the motion on the merits and threatened sanctions:

> [D]espite numerous warnings throughout the course of this action, Neuman insists on filing repetitive motions that serve no purpose other than to harass the Court. Future filings in this vein will merit sanctions. (Doc. 331).

Of course, the threat of sanctions should have come as no surprise to Neuman, as the Court has previously warned him not to file pleadings that harass the parties and/or the Court. Earlier in the litigation, various Defendants sought sanctions against Neuman under **FEDERAL RULE OF CIVIL PROCEDURE 11**. On September 23, 2008, the Court denied the motions for sanctions, but noted that it was a close call (Doc. 303). At that time, the Court gave Neuman the benefit of the doubt due to his *pro se* status and his apparent attempt to grapple with unfamiliar legal issues. However, the Court specifically stated:

> The Court notes again that this is a close call. On the record currently before it, the Court declines to award Rule 11 sanctions at this time. Neuman should, however, consider this Order as a warning that this district court may award sanctions in the future if Neuman insists on filing actions or motions that have no basis in law or fact. (Doc. 303).

Nonetheless, Neuman persists in filing additional motions that lack factual support, contain baseless allegations, and reargue the same issues. For instance, on April 12, 2009, he filed two more motions asking for a "writ of certiorari and mandamus" (Doc. 333) and leave to appeal (Doc. 334). The thrust of these motions was identical to that of his March 12, 2009 motion for a writ of mandamus (Doc. 330).

Consequently, the Court entered an Order to Show Cause why Neuman ought not be sanctioned, in accordance with **Rule 11(c)(3)** (Doc. 335). Thereafter, Neuman sought an extension

of time to respond (Doc. 336). The Court granted the extension and directed Neuman to file a response no later than May 18, 2009 (Doc. 337). Neuman failed to submit a timely response, and belatedly filed a 32-page screed on May 28, 2009 (Doc. 338). Because Neuman's response was untimely, the Court ordered it stricken (Doc. 340) and did not consider the arguments therein in determining whether sanctions are warranted.

However, the Court did hold an in-person hearing on May 29, 2009, at which time Neuman was given the opportunity to explain why sanctions ought not be issued. But he presented no such explanation, preferring instead to complain about the Court's handling of his cases. As a result, the Court sanctioned Neuman in the form of a $1,000 penalty to the Court pursuant to **Rule 11(b).**

On June 9, 2009, Neuman filed a motion to reconsider sanctions (Doc. 342). Therein, he complains that he was made to wait for two hours past his scheduled hearing time as a result of a criminal sentencing, which ran longer than anticipated. He also claims that he was "intimidated into silence" during the hearing,[1] because the Court started by informing Neuman that serious matters fill the Court's docket, including that morning's criminal proceedings, both of which resulted in lengthy sentences for the defendants.[2] Additionally, he claims the undersigned District Judge's statement that Court employees had been so busy that they had not eaten lunch yet also

---

[1] Actually, Neuman repeatedly states that the undersigned District Judge's comments "scared the shit out of [him]," "scared [him] shitless," and "scared the living shit of [him]" (Doc. 342, pp. 3-6). Neuman also claims that the undersigned District Judge was going to be "really pissed off" if he put up a strong defense (Doc. 342, p. 7). Such language is unnecessary, reduces the civility of the proceedings, and has no proper place in a motion before this Court.

[2] Inexplicably, Neuman also seeks to file motions for new trial in these criminal cases. He appears to argue that because the Court referenced sentences given to the two criminal defendants on May 29, 2009 during his own hearing, a new trial is warranted in *their* cases. The absurdity of that request, accompanied by the fact that Neuman is not a party to either criminal case, compels the Court to deny Neuman's request.

intimidated him into thinking that if he took up too much time, he would be imprisoned. Obviously, the Court only offered this information to clarify that there are many cases on the Court's docket, and that Neuman's penchant for filing repetitive and frivolous motions simply diverts the Court's attention from other serious matters. But Neuman claims that the Court's statements were intended to intimidate and prevent him from exercising his right to defend against sanctions.

As a result, the Court set Neuman's motion for reconsideration for hearing on July 17, 2009 (Doc. 343). At the hearing, the Court permitted Neuman another opportunity to explain why he ought not be sanctioned, and why the Court's original Order ought to be reconsidered. Instead, Neuman again complained about the handling of his cases and various rulings against him—matters which this Court has repeatedly addressed in the course of resolving Neuman's motions. Neuman offered no new information, and never once explained why he ought not be sanctioned, aside from his own view that every motion in this case should have been decided in his favor. At the close of the hearing, Neuman did file a statement regarding his position regarding the sanctions, which the Court has reviewed (*see* Exh. 1, Doc. 345).

Having fully considered Neuman's arguments, the Court hereby **DENIES** the motion to reconsider (Doc. 342).

### B. Applicable Standards

The **FEDERAL RULES OF CIVIL PROCEDURE** do not specifically address motions to "reconsider." **Rule 59(e)** permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment." **Rule 60(b)** authorizes motions for relief from final judgments or orders.

For many years, the Seventh Circuit (and this Court) used a bright-line test to determine whether **Rule 59(e)** or **Rule 60(b)** governed motions to reconsider. If the motion was

filed *within* ten days of the date the challenged judgment or order was entered, **Rule 59(e)** applied. If the motion to reconsider was filed *more* than ten days after the judgment or order was entered, then **Rule 60(b)** applied, no matter how the motion was labeled. *See Romo v. Gulf Stream Coach, Inc.*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001)**; *Britton v. Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997)**; *Russell v. Delco Remy Div. of General Motors Corp.*, **51 F.3d 746, 750 (7th Cir. 1995)**; *Hope v. United States*, **43 F.3d 1140, 1143 (7th Cir. 1994)**; *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992)**; *Charles v. Daley*, **799 F.2d 343, 347 (7th Cir. 1986) ("all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59").**

Recently, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

> whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach—that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions—no longer applies. In short, motions are to be analyzed according to their terms....
>
> Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant) is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir.),** *cert.* **denied, 129 S. Ct. 417 (2008) (citing** *Borrero v. City of Chicago*, **456 F.3d 698, 701-02 (7th Cir. 2006)).** Thus, *Borrero* and its progeny have broadened the approach to motions filed within the ten-day period following entry of an order.

As a result, the Court must consider whether the substance of Neuman's motion, which was filed within ten days of the Order Imposing Sanctions (Doc. 341), warrants **Rule 59(e)** treatment. The Court finds that it does, since Neuman asks the Court to alter its ruling and relieve

filed *within* ten days of the date the challenged judgment or order was entered, **Rule 59(e)** applied. If the motion to reconsider was filed *more* than ten days after the judgment or order was entered, then **Rule 60(b)** applied, no matter how the motion was labeled. *See Romo v. Gulf Stream Coach, Inc.*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001)**; *Britton v. Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997)**; *Russell v. Delco Remy Div. of General Motors Corp.*, **51 F.3d 746, 750 (7th Cir. 1995)**; *Hope v. United States*, **43 F.3d 1140, 1143 (7th Cir. 1994)**; *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992)**; *Charles v. Daley*, **799 F.2d 343, 347 (7th Cir. 1986) ("all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59").**

Recently, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

> whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach—that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions—no longer applies. In short, motions are to be analyzed according to their terms....
>
> Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant) is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir.),** *cert.* **denied, 129 S. Ct. 417 (2008) (citing** *Borrero v. City of Chicago*, **456 F.3d 698, 701-02 (7th Cir. 2006)).** Thus, *Borrero* and its progeny have broadened the approach to motions filed within the ten-day period following entry of an order.

As a result, the Court must consider whether the substance of Neuman's motion, which was filed within ten days of the Order Imposing Sanctions (Doc. 341), warrants **Rule 59(e)** treatment. The Court finds that it does, since Neuman asks the Court to alter its ruling and relieve

him from paying sanctions.

Four grounds justify reconsideration under **Rule 59(e)**: (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 1006 (2007);** *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to reconsider is not an appropriate vehicle to introduce new legal theories);** *Publishers Resource v. Walker-Davis Publications*, **762 F.2d 557, 561 (7th Cir. 1985) (stating that a motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

### C. Analysis

It would appear that Neuman can only rely on the fourth prong: the prevention of manifest injustice. As mentioned above, however, his motion to reconsider merely reargues issues that were resolved long ago. Neuman's displeasure with the Court's rulings is not a basis to vacate sanctions. Additionally, the fact that he is proceeding *pro se* does not compel reconsideration.

While the Court certainly considers Neuman's *pro se* status,[3] that fact alone does not excuse him from complying with either the Court's Orders or the **FEDERAL RULES OF CIVIL PROCEDURE**. Indeed, **Rule 11**, the rule under which sanctions were levied, applies to *pro se* litigants by its express terms. **Rule 11(b)** states:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Rule 11(c)** permits the Court to impose sanctions for a violation of **Rule 11(b)**. Specifically, **Rule 11(c)** states: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

The Court's June 1, 2009 Order Imposing Sanctions (Doc. 341) thoroughly explains why **Rule 11** sanctions are warranted in this case. In short, Neuman insists on filing documents that include arguments that have been rejected on numerous occasions as having no basis in law or fact. These repetitious filings serve no purpose but to harass the Court, and they require the Court to

---

[3] However, the Court did take Neuman's financial circumstances into account when fashioning a remedy that suffices to deter repetition of the conduct or comparable conduct by others similarly situated.

address frivolous arguments while other legitimate matters are delayed. Neuman has not presented anything to this Court that would suggest that its finding was inaccurate, and the fact that he believes the Court's rulings were incorrect does not justify repeatedly filing motions that raise arguments that have already been rejected.

As such, reconsideration shall not be granted.

### D.  Conclusion

For all of the reasons explained above, the Court hereby **DENIES** Neuman's motion to reconsider (Doc. 342). Neuman shall pay the $1,000 penalty to the Court **no later than August 1, 2009**, as directed by the Court's previous Order (Doc. 341). If that fine is timely paid, the Court will cancel the November 25, 2009 hearing.

**IT IS SO ORDERED.**

**DATED this 17th day of July 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**